JOEL CRAIN ET AL. v. ELLIS WRIGHT ET AL.

(Case No. 3981.)

1. PRACTICE — SERVICE.— Where, in trespass to try title, the defendant sets up his title and asks that his vendor be made a party to defend the title conveyed, the vendor should be served not only with a copy of the writ and of plaintiff's petition, but also with a copy of the defendant's answer and cross bill, in which prayer is made to make such new defendant.
2. HEIRS — WARRANTY.— The heir is not liable on the warranty of the ancestor when no property has been received by such heir from the ancestor's estate.

ERROR from Lamar. Tried below before the Hon. R. R. Gaines.

The opinion makes plain the points decided without a statement of the case.

*Maxey, Lightfoot & Denton,* for plaintiff in error.

DELANY, J. COM. APP.— The first assignment of error must be sustained. Crain and wife and Nancy Holmes were cited to answer a claim set up by the defendant upon their warranty. They were not amenable to the plaintiff, nor directly interested in his claim. They should have been served with a copy of the defendant's cross bill. The sheriff's return shows that they were served with a copy of the writ and of the plaintiff's petition.

The third assignment of error also is well taken.  There is no proof in the record that Jane Crain received any property from the estate of her father, Thomas Holmes.  There is, therefore, no ground upon which she could be made responsible upon her father's warranty.  State v. Lewellyn, 25 Tex., 797.

The remaining assignments of error, the sixth and tenth, refer to the judgment which was rendered below in favor of the plaintiffs against the defendant Wright.  He has not appealed, and, as plaintiffs in error were not parties to that judgment, we do not think they can be heard to question it.

As the defendant Wright has not appealed, or in any manner complained of the judgment against him, we think that judgment should not be disturbed.  But for the errors above mentioned, our opinion is that the judgment in favor of Wright against plaintiffs in error should be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion approved December 14, 1883.]