R. H. KIRBY ET AL. v. C. F. ESTILL ET AL.

No. 2669.

1. **Warrantors May be Made Defendants in Trespass to Try Title.**—Article 4788, Revised Statutes, authorizes the defendant in actions of trespass to try title to make his warrantor a party to the suit, and the practice of doing so seems to have been recognized by this court as proper.

2. **Same—Practice.**—But such warrantors should not be brought in at such a time or in such a manner as unreasonably to delay the trial of the case.

3. **Charge—Location of Land Certificate by Joint Owners.**—Where part of a land certificate was located for the benefit of all of several joint owners of the certificate, one of the part owners can not, by locating the balance, acquire ownership in severalty of the land so located. In such state of facts it was error to charge that a part owner of a land certificate could locate his share therein for his own.

4. **Charge—Practice.**—A charge defective in form but indicating a material issue, when requested, operates as a request to the court to charge upon the issue.

APPEAL from Tarrant. Tried below before Hon. R. E. Beckham.
The opinion states the case.

*T. M. Harwood* and *Hunter, Stewart & Dunklin,* for appellants. — 1. The plaintiff, in an action at law, is entitled to be heard upon the issues which he tenders in his pleadings, and can not be delayed or prevented a fair and speedy hearing by having other issues interpleaded between the defendants in which plaintiff has no interest or concern. Ragland v. Wisrock, 61 Texas, 391; Halloway v. Blum, 60 Texas, 625; Burdett v. Glasscock, 25 Texas Supp., 45; Railway v. Gage, 63 Texas, 568.

2. While it is true when a land certificate is jointly owned by two or more, either of such joint owners may have his interest in such certificate located without also having the interest of the other joint owners located, yet it is not true that where the certificate is owned equally by one or more, and more than half has already been located for the joint benefit of all the owners, that either one of the owners may elect to locate the whole of the remainder exclusively for himself without the consent of the other joint owners. San Antonio v. Lane, 32 Texas, 415; Mitchell v. De Witt, 20 Texas, 299; Parker v. Leman, 10 Texas, 116; Reid v. Reid, 11 Texas, 593; Hedgepeth v. Robertson, 18 Texas, 871; Roddy v. Kingsbury, 5 Texas, 152; Andrews v. Smithwick, 20 Texas, 118.

*R. M. Wynne* and *N. A. Stedman,* for appellees.—Practice in bringing in warrantors. Rev. Stats., art. 4788.

Location of part as claim in severalty to land located under part of certificate. Glasscock v. Hughes, 55 Texas, 461; Farris v. Gilbert, 50 Texas, 356.

ACKER, PRESIDING JUDGE.—Appellants R. H. Kirby and E. S. Chambers brought this suit against J. P. Smith, C. F. Estill, and J. W. Bur-

gess to recover an undivided half interest in 8,524,765 square varas of land, located and surveyed by virtue of headright certificate No. 375 for a league and labor, issued to James Riley on the first day of March, 1838, and patented to the original grantee in 1877. It was alleged that plaintiffs owned the land sued for in equal parts, and that defendants claimed to be the owners of the other one-half. The suit was also brought for partition.

Defendants Estill and Burgess answered separately by plea of not guilty; the statutes of three, five, and ten years limitation; and specially described by metes and bounds the portions of the land claimed by them respectively; pleaded improvements in good faith; impleaded their vendor and warrantor, J. P. Smith, upon his covenants of warranty, and asked that in the event of their eviction they have judgment against him for the purchase money paid by them respectively, with interest.

Defendant J. P. Smith, by separate answer, pleaded the general issue, not guilty, and the three, five, and ten years statutes of limitation.

By supplemental petition plaintiffs set up the coverture of their vendors, who were the heirs of W. K. Revere, who at his death, in May, 1859, owned a half interest in the certificate by virtue of which the land in controversy was located.

Plaintiffs moved to strike out that part of the answers of defendants Estill and Burgess in which they sought to recover judgment against their vendor on his covenants of warranty, in the event of judgment against them for the land. This motion was overruled, and plaintiffs excepted.

There was verdict and judgment for defendants, and all of the plaintiffs appealed.

Under the first assignment of error it is urged that the court erred in overruling plaintiffs' motion to strike out parts of the answers of defendants Estill and Burgess, "because the issues raised by said answers are not germane or pertinent to the object of this suit, and are issues in which the plaintiffs have and can have no possible interest, and are improper issues and an improper joinder of causes of action; and that to permit the defendants in this suit to litigate and controvert questions between themselves in which plaintiffs are wholly disinterested would be detrimental to plaintiffs' interests and ought not to be allowed."

Article 4788 of the Revised Statutes authorizes the defendant in actions of trespass to try title to make his warrantor a party, and the practice of doing so seems to have been recognized by this court as proper. Crain v. Wright, 60 Texas, 515; Brown v. Hearon, 66 Texas, 63.

Revised Statutes, article 1209, provides: "Before a case is called for trial additional parties may, when they are necessary or proper parties to the suit, be brought in by proper process, either by the plaintiff or the defendant, upon such terms as the court may prescribe; but such parties

shall not be brought in at such a time or in such a manner as unreasonably to delay the trial of the case."

Article 4788 expressly makes the warrantor a proper party, and he was already before the court by his answer to the plaintiffs' petition.. It was. not, therefore, necessary to delay the trial to bring him in by process.. Being a party to the suit already before the court, he was bound to take· notice of all pleadings filed and steps taken in the case. Bryan v. Lund,. 25 Texas, 98.

The vendee's right when sued for the land, to make his warrantor a party defendant seems quite clear, but it is equally clear that it must be done in such manner as not to unreasonably delay the trial of the plaint-· iff's case. It is not contended that any delay was occasioned by the answer, against which the motion was directed, nor does it appear that appellants sustained any injury by the ruling of the court to which the first assignment of error relates. We think the court did not err in over-ruling the motion. Cases, however, may arise in which the court might be authorized to disallow litigation between defendants to the prejudice of the plaintiff.

The second assignment of error is, "The court erred in the second para-graph of its charge to the jury, which is as follows: 'You are further instructed that when a certificate is jointly owned by two or more, either of such joint owners may have his interest in such certificate located in a single survey without also having the interest of the other owners located or patented,' because while such is correct as an abstract proposition of law, it was not applicable to the facts proved in this case, which the proof showed."

It appears from the evidence that the original certificate was issued to. James Riley on the 1st day of March, 1838, and on the back of the origi-nal is endorsed the transfer in these words:   "For and in consideration of the sum of two hundred and fifty dollars and other valuable consid-erations, I hereby give, grant, bargain, and sell unto William Revere one-half of this certificate and the land due me in consequence hereof, and to said Revere's heirs and assigns forever.   This 30th day of September, 1840."

It also appears from the evidence that at the time the location and sur-vey of the land in controversy was made by virtue of the certificate, more than half of the land called for by the certificate had already been located by virtue thereof in Red River County for the benefit of James Riley, the· original grantee, and W. K. Revere, jointly, and was afterwards patented to them jointly.   That the deed from the heirs of James Riley to Wm. Jernigin, the immediate vendor of defendant Smith, dated January 23, 1872, conveyed their interest in the certificate, and the "land located by said certificate, or that may be located by the same or any part therof." This deed expressly recited the transfer of one-half of the certificate by

James Riley to William K. Revere on the 30th day of September, 1840. That the deed from William Jernigin to defendant Smith, dated November 25, 1874, conveyed one-half of the certificate conveyed to the vendor "by the heirs of James Riley, on the 23d day of January, 1872, together with all lands located or that may be located by the same, forever," and recited the transfer of the half interest to Revere on September 30, 1840. That these deeds were both recorded in Tarrant County prior to the sales of portions of the land by defendant Smith to defendants Estill and Burgess. That plaintiffs proved title in themselves by direct conveyance from the only heirs of W. K. Revere, dated February 10, 1885, both of whom were married women, for the interest of said heirs in the certificate, "and all lands heretofore or hereafter to be located, or heretofore or hereafter to be patented by virtue of said certificate." That the heirs of Riley asserted claim to their interest in the locations made in Red River County. That the entire certificate had been located in Red River County for the Riley heirs and Revere, but a portion being in conflict with prior locations, was floated and located in Tarrant County on the land in controversy.

Under this state of facts, we think it obvious that the charge here complained of was neither called for nor justified by the evidence. While the charge is correct as an abstract proposition of law, it has no application to this case, and it seems probable that it misled the jury to the prejudice of appellants.

The third assignment of error is, "The court erred in refusing to instruct the jury as requested by the plaintiffs, in substance, that the deeds and title papers read to them in evidence showed that at the time J. P. Smith sold to the defendants the land in controversy, he owned an undivided half interest in that half of the certificated located in Red River County and but a half interest in the lands located in Tarrant County, and that the title papers and deeds read in evidence by the plaintiffs entitled the plaintiffs to recover the Revere half interest in the lands sued for by them; and that if the entire certificate had at one time been located on lands in Red River County in favor of James Riley and William K. Revere, and part of it was afterwards floated or lifted and located in Tarrant County, then plaintiffs would be entitled to recover one-half of the lands located in Tarrant County by virtue thereof."

The facts hereinbefore recited were not contradicted in any material particular. The defendant Smith had full notice by the recitations in the deed from the Riley heirs to Jernigin, by the recitations in the deed from Jernigin to him, and by the transfer endorsed upon the certificate itself and filed in the General Land Office, that the Riley heirs claimed and owned a half interest in the certificate and all lands that had been located by virtue of the certificate prior to the execution of their deed to Jernigin. By the same means he was equally well informed that W. K. Revere owned a half

interest in the certificate and the lands that might be located by virtue thereof.   The deeds from the Riley heirs to Jernigin and from Jernigin to Smith were of record in Tarrant County prior to the purchases of defendants Estill and Burgess from defendant Smith, and they too thereby had full notice of the interest of W. K. Revere.

While the court may not have erred in refusing to give the several special charges in the form they were requested, we think they were sufficient to call the attention of the court to the important matter embraced in them.   On the case made by the evidence, we think the court should have instructed the jury to return a verdict for the plaintiffs.   In view of what we have said, other assignments of error became immaterial.

We are of opinion that the judgment of the District Court should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted December 17, 1889.