### MRS. A. F. JOHNS v. J. G. HARDIN ET AL.

#### No. 6770.

1. **Warranty of Title — Practice.** — The doctrine as established in this State is that the warrantor can not only be required to defend the title of the warrantee in a suit for the land, but after being so brought in the defendant can plead over against him and recover on the warranty in the same suit if the title fail.

2. **Measure of Damages on Eviction.** — Unless it be shown that the warrantee has been in possession, on his title failing he is entitled to his purchase money and interest from the time of payment.

3. **Effect of Plea of Not Guilty.** — That the defendant calling in his warrantor pleaded not guilty to the suit for the land is not such admission of possession as will defeat his claim for interest upon his money paid for the failing title.

4. **Suit Against Executrix and Devisee.** — Suit against Mrs. A. F. Johns upon moneyed claim, alleging that she is executrix and that she was in possession of an estate of $30,000 value as executrix and as devisee of C. R. Johns, her husband. The cause of action was in breach of warranty made by her deceased husband. *Held,* that she could not so hold the estate, and that judgment against her "as executrix and devisee" is inconsistent and must be reversed on appeal.

ERROR from Wichita.    Tried below before Hon. P. M. Stine.

On February 18, 1887, Joshua W. Du Bose and B. S. Du Bose instituted a suit of trespass to try title in the District Court of Wichita County against J. G. Hardin for the recovery of 6,117,672 square varas of land.    The defendant J. G. Hardin filed his answer on February 25, 1887, in which he demurred to plaintiff's petition, pleaded not guilty, and further specially that he (defendant), on November 30, 1883, had purchased 361 acres of the land sued for from C. R. Johns, of Travis County, Texas, for which defendant had paid Johns $3 per acre, or $1083 for the whole, with general warranty from Johns; that Johns was dead, had died possessed of large property, and by will duly probated in Travis County the whole estate of C. R. Johns was devised to his widow Amanda F. Johns, plaintiff in error; that she, the widow, had qualified as executrix, and as executrix and devisee had taken possession of said estate, which estate was solvent and worth some $30,000 over and above all debts; that by reason thereof, and because an adverse claim to the land had been set up, he (the defendant Hardin) was entitled to have Mrs. Johns, as executrix and devisee, come in and defend the cause and to make good the covenants in said warranty; and in case plaintiff recovered defendant Hardin prayed for judgment against Mrs. Johns for the purchase money with interest.

Citation issued to Mrs. A. F. Johns on February 26, 1887, and was served on her February 28, 1887, by the sheriff of Travis County. She made default, and on November 2, 1888, judgment was rendered for the plaintiffs Du Bose and against the defendant J. G. Hardin for an undivided one-half of the land sued for, and against Mrs. Johns in favor of Hardin, for failure of title, to one-half of 361 acres, the damages being assessed $757.40.    Judgment went also against John D. Pope, a codefendant of Mrs. Johns.

*George Clark*, for plaintiff in error.—1. A cause of action for breach of covenant of warranty does not accrue to the vendee or warrantee until actual eviction or eviction by judgment of ouster, or by concession of superior title and purchase of his peace.    A vendee can not set up a claim for damages for breach of warranty against the vendor and at the same time contest the outstanding title, because until judgment there is no eviction, actual or constructive; and this rule is not affected by avouching the warrantor in the suit as a party, because the latter has his choice either to come in and defend, as called upon, or permit himself to be concluded by the judgment as to paramount title without appearance or defense, that being the only penalty to which he subjects himself by a failure to appear and defend.  Clark v. Munford, 62 Texas, 531; McGary v. Hastings, 39 Cal., 360.

2.   The measure of damages in an action upon a covenant of warranty is the original purchase money with legal interest from the date

of eviction. Interest is not allowable to a vendee while in possession of the land, except upon the theory that mesne profits may or have been recovered, and only to cover such profits. If no mesne profits are recovered no interest is allowed.. Rev. Stats., art. 4794; Echols v. Mc-Kie, 60 Texas, 41; Brown v. Hearon, 66 Texas, 63.

3. There being nothing in the pleadings of defendant Hardin to indicate that the executorship of plaintiff in error was an independent executorship, and the claim of Hardin being capable of precise ascertainment, and in its nature certain and liquidated, it should have been presented for allowance to the executrix as a prerequisite to suit; and the absence of allegations to that effect was fatal to the cross-pleadings of the defendant Hardin. Rev. Stats., art. 2028; Sayles' Civ. Stats., art. 2015, and notes.

4. Even if the pleadings of defendant Hardin would justify the inference that the executorship of Mrs. Johns was independent, the judgment erred in directing the issue of execution generally, for in such cases execution only runs against the property of the testator in the hands of the executor, and in case of an heir or devisee only to the extent of property received from the ancestor subject to execution. Rev. Stats., art. 1913; Webster v. Willis, 56 Texas, 475; Yancy v. Batte, 48 Texas, 46; Sayles' Civ. Stats., art. 1817, and note.

5. To charge an heir, legatee, or devisee with the debts of an ancestor or testator it must be averred and proved that the heir, legatee, or devisee had received and appropriated to his own use property of the ancestor or testator subject to execution, and a general description of the property so received must be set out. A general allegation as to the amount received will not support the proof. Mayes v. Jones, 62 Texas, 365; Sayles' Civ. Stats., art. 1817, and note; Wyatt v. McLane, 37 Texas, 311.

*W. W. Flood* and *R. E. Huff*, for defendants in error.—1. In order to sustain an action for a breach of covenant of warranty an eviction by process of law is not necessary. Peck v. Hensley, 20 Texas, 673; Patton v. Kennedy, 10 Am. Dec., 744; Greenvault v. Davis, 4 Hill, 643.

2. A judgment in ejectment is a breach of the covenant of warranty without an actual eviction. Norton v. Jackson, 5 Cal., 263; 2 Wait's Act. and Def., title "Covenants," 389; King v. Kerr, 5 Ohio St., 158; Cummings v. Kennedy, 14 Am. Dec., 45; Cowdry v. Coit, 44 N. Y., 382; 4 Am. and Eng. Encyc. of Law, 486.

3. The measure of damage in breach of warranty is the price paid and legal interest thereon. 2 Suth. on Dam., 301.

The plea of "not guilty" only admits possession for the purpose of the suit. Echols v. McKie, 60 Texas, 41; Clark v. Mumford, 62 Texas, 531.

4. The allegations show Mrs. Johns was sole devisee under the will of C. R. Johns and has taken possession of the whole estate, amounting to some $30,000 over and above all debts of the estate. The responsibility of Mrs. Johns for the debt or covenant of her testator is measured by the amount of estate received. Yancy v. Batte, 48 Texas, 46. In such case the law contemplates a personal judgment against the devisee for the amount of the debt, and it was shown to be for less than the property received; hence it was proper execution should run against her. Webster v. Willis, 56 Texas, 468, 469.

COLLARD, Judge, *Section A.* *—Mrs. Johns appealed, and her first assignment of error is:

"The judgment of the court is erroneous in so far as the recovery over by defendant J. G. Hardin against plaintiff in error is concerned, because Hardin, as the vendee of C R. Johns, deceased, could have no cause of action upon Johns' warranty until eviction, either actual or by judgment of a competent court, or by purchase of his peace. The cross-action of defendant Hardin against plaintiff in error as executrix of C. R. Johns, deceased, was therefore premature, and Hardin had no cause of action until after judgment against him, because he had pleaded not guilty, which was an admission of possession, and was contesting the Du Bose title up to judgment."

The question raised by the assignment has been decided in this State adversely to appellants in the case of Kirby v. Estill, 75 Texas, 485, and the doctrine established that the warrantor can not only be required to defend the title of his warrantee in a suit for the land, but after being so brought in the defendant can plead over against him and recover on the warranty in the same suit if the title fail. The practice seems to have been recognized before. Crain v. Wright, 60 Texas, 515. We can see no good reason why all the issues between the parties can not be settled in one suit. There is no breach, it is true, by the suit until judgment against the title of defendant, but this is the case in all suits where a third party is liable over on an obligation of indemnity. We think the principle established in Kirby v. Estill, supra, is correct, especially under our system of practice, which discourages a multiplicity of suits. But see authorities contra: Andrews v. Denison, 16 N. H., 469; Ferris v. Harshea, 17 Am. Dec., 782; Emerson v. Proprietors, 2 Id., 34.

---

* Note.—April 8, 1891, the Legislature increased the judges on the Commission of Appeals from three to six members. The additional judges were duly appointed, and on May 6 Presiding Judge Garrett qualified, and on May 11 Judges Tarlton and Fisher qualified, and they constitute *Section B;* and the others, Presiding Judge Hobby, Judge Collard, and Judge Marr constitute *Section A.* The act provided that the Commission "sit in two sections of three judges each."—Reporter.

; An actual eviction by process of law in favor of the paramount title is not necessary to the right to sue on the covenant of title (Clark v. Mumford, 62 Texas, 531; Beck v. Hensley, 20 Texas, 673; 2 Wait's Act. and Def., 388, 389), nor is a judgment of ouster required. The vendee may surrender the possession to the owner of the paramount title, or he may buy it in, but in such case to recover he is bound to show that he yielded to the paramount title. It is not necessary that there should be a suit at all, though where there is a suit and judgment against the warrantee, of which the warrantor had due notice, the judgment is evidence of eviction, and if he is cited to defend the suit the judgment is conclusive that the adverse title is paramount. Brown v. Hearon, 66 Texas, 63. This being the case there is no indispensable necessity to wait until judgment in a suit brought to disseize the vendee, but he may in this State make his warrantor a party to defend the title, and plead over against him on the covenant of warranty.

The court below allowed interest from the time of the sale to Hardin by Johns up to the time of judgment, and appellant assigns this as error, because Hardin was by his plea of not guilty confessedly in possession of the land. The measure of damages, where the premises are occupied and no mesne profits are demanded or recoverable by the owner, is the amount paid for the land, but interest is allowed where mesne profits are recovered or may be recovered, and when the land has not been in possession by the vendee, in which case the principal paid for the land and legal interest from the time of payment to the time of judgment on the warranty is the measure of damages. Brown v. Hearon, 66 Texas, 63; Hall v. York, 22 Texas, 642; Sutton v. Page, 4 Texas, 141; 2 Wait's Act. and Def., 142.

We do not think the plea of not guilty was a confession that defendant was in possession of the land except for the purposes of the suit of trespass to try title. The plea only relieved the plaintiff of proof of actual possession; it did not affect the rights of Mrs. Johns in any way. Rev. Stats., art. 4794; Echols v. McKie, 60 Texas, 41; 66 Texas, 68.

Plaintiff in error complains that the interest was computed at 10 per. cent per annum. We find the contrary. The amount of the judgment shows that interest was computed at 8 per cent per annum from the time of payment to the time of judgment.

It is also assigned as error that the cross-action of Hardin could not be commingled with the action of trespass to try title. This is practically the same as the first assignment and need not be again considered.

The fourth assignment is that Hardin's claim was not presented to the executrix for allowance, the estate being still in regular course of administration, and there is error in the judgment because it awards execution generally against plaintiff in error without specifying that it should run solely against the estate of C. R. Johns in her hands as required in an independent executorship and in suits against heirs.

We are not advised by the pleadings as to whether Mrs. Johns was an independent executrix or not. It is therefore a mere abstract question as to whether the claim should be presented for allowance or not in case she was required to administer the estate under the orders of the court. We think it best not to discuss this question in advance of such an issue; the issue may not be made at all. If she was acting as an independent executrix an execution could be ordered to run against any of C. R. Johns' estate in her hands not at the time of his death exempt from execution. If she were in possession as devisee under the will the execution would not run against the specific property received by her, but against her personally for the value of the property so received, not including property exempt from execution at his death. Mayes v. Jones, 62 Texas, 365.

But it is useless for us to speculate about what might be the condition of things. It is not alleged how she held the property. It is alleged that she was in possession as executrix and devisee. Judgment is against her in both capacities. She could not so hold the estate and ought not to be charged with such possession. Doubtless the facts exist which will render the rights of the parties certain so that a certain judgment can be rendered. The judgment in its double aspect is inconsistent, and as it is can not be affirmed, nor are there sufficient facts before us to enable us to reform it.

Our conclusion is that the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted May 12, 1891.