HOUSTON OIL COMPANY OF TEXAS v. E. M. DAVIS ET AL.

Decided November 14, 1910.

**1.—Trespass to Try Title—Impleading Warrantor—Diligence.**

A defendant in trespass to try title has the right to implead his warrantor and require him to defend the action, and to recover over against him on his warranty in the same suit if the title fail; this right, however, must be exer-

cised with reasonable diligence and so as not unnecessarily to delay the trial of the case.

### 2.—Same—Application for Continuance.

Where a suit of trespass to try title was filed fourteen days before the first day of the return term, and it was evident from the facts alleged that the defendant would not have had time, by any degree of diligence within the four days allowed for service, to cite eleven different warrantors residing in several different counties, it was error for the court to overrule its application for continuance to the end that said warrantors might be impleaded and that defendant might have judgment over against them in the event the title failed, and this, though the filing of the suit was delayed upon the request of the defendant in order that it might investigate whether the matter could be adjusted without litigation, there being no evidence that such request was not made in good faith.

### 3.—Unknown Heirs—Citation by Publication—Void Judgment.

In a suit against unknown heirs, the publication of the citation for only four, instead of eight, weeks will not give the court jurisdiction to render judgment in the case, and a judgment so rendered might be collaterally attacked on the ground that it is void.

### 4.—Same—Evidence.

In a suit against unknown heirs, evidence considered and held sufficient to overcome the presumption that the judgment was rendered upon proper service.

### 5.—Limitation—Buying Adverse Claim.

The mere fact that one in possession of land claiming title thereto, bought in an adverse claim would not of itself prevent his possession from being adverse to such claim; but it would be otherwise if he admitted the superiority of the claim.

Appeal from the District Court of Newton County. Tried below before Hon. W. B. Powell.

*H. O. Head* and *Parker, Orgain & Butler,* for appellant.—The court erred, to the prejudice of this defendant in requiring, over this defendant's objection, an announcement for trial on, towit, September 9, 1909, and in overruling defendant's motion for a continuance filed and presented on September 9, 1909. Revised Statutes of Texas, articles 5252 and 1208; Kirby v. Estill, 75 Texas, 484; Johns v. Hardin, 81 Texas, 37; McGregor v. Tabor, 26 S. W., 443; Alvord v. Waggoner, 29 S. W., 797; Sullivan v. Creamer, 50 S. W., 431; Norton v. Collins, 20 S. W., 1113; McCreary v. Douglas, 24 S. W., 367.

When a judgment rendered by a court of competent general jurisdiction against defendants sued as unknown heirs recites service of process, and recites default on the part of the defendants, or contains any other recitation equivalent to a finding on the part of the court that it has jurisdiction over the defendants for the purpose of rendering such judgment, then in any such case the judgment is not subject to be attacked collaterally by proving that proper service was not in fact had. Mitchell v. Meuley, 32 Texas, 460; Lawler Heirs v. White, 27 Texas, 254; Hardy v. Beaty, 84 Texas, 562; Treadway v. Eastburn, 57 Texas, 209.

The presumption of law which arises in support of the judgment of

a court of general jurisdiction, to the effect that all the steps had been taken necessary to be taken to give such court jurisdiction to render the judgment which it has undertaken to render, is conclusive and not subject to collateral attack unless it be shown affirmatively by the record that such necessary steps have not in fact been taken. In this case, the evidence from the record itself did not affirmatively show that legal service had not been had on the unknown heirs of Nancy Cooper in the suit brought against them by H. C. Fuller. Same authorities, also; Dickson v. Moore, 30 S. W., 76; Davis v. Robinson, 70 Texas, 394; Tobar v. Losano, 25 S. W., 973.

*Holland & Holland,* for appellees.—The trial court did not abuse its discretion in refusing to continue the case on application of defendant Houston Oil Co. of Texas to make its warrantors parties. French v. Groesbeck, 8 Texas Civ. App., 20; Clark v. Faver, 40 S. W., 1009.

The judgment in cause No. 548, H. C. Fuller v. Unknown Heirs of Nancy Cooper, having been rendered without the service of process on or appearance of defendants, is void. Gulf, C. & S. F. Ry. Co. v. Rawlins, 80 Texas, 581; Texas & M. Ry. Co. v. Wright, 88 Texas, 349; Gulf, C. & S. F. Ry. Co. v. Blackenbeckler, 13 Texas Civ. App., 251; Boyce v. Concho Cattle Co., 70 S. W., 356; Lutcher v. Allen, 95 S. W., 574; Fowler v. Simpson, 79 Texas, 611; Witt v. Kaufman, 25 Texas Sup. 384.

REESE, Associate Justice.—This is an action of trespass to try title by E. M. Davis and his co-plaintiffs, against the Houston Oil Company and H. C. Fuller, to recover the Nancy Cooper 640-acre survey of land. The Houston Oil Company answered by general demurrer and general denial, and specially pleaded title by limitation of three, five and ten years in bar of the action. A trial without a jury resulted in a judgment for plaintiffs against both defendants for an undivided one-third interest in the land, from which judgment only the Houston Oil Company appeals.

The land was patented to Nancy Cooper, and the plaintiffs are the sole heirs at law of one of the three daughters of Nancy Cooper, who inherited from her.

Defendants, appellant here, claim title through mesne conveyances under a judgment in favor of H. C. Fuller against the unknown heirs of Nancy Cooper, rendered April 5, 1899, in addition to their limitation title.

The petition was filed August 16, 1909, fourteen days before the first day of the term of court to which the suit was brought. No service was had upon appellant, who, however, appeared and filed answer on appearance day. With its answer, appellant filed its cross-action against eleven persons, under whom, it is alleged, it held the land by deeds with general warranty, and by appropriate averments it called upon said parties to defend the action, and sought judgment over against them for the several amounts for which, it was alleged, they were respectively liable

on their warranties. Of these parties several were alleged to reside in Newton County, where the suit was brought; one is alleged to reside in Hardin County; one in Galveston County; one in Jasper County, and one in Harris County. The court began on August 30th. This answer and cross-bill were filed on August 31st. The case was called for trial on September 9th, when appellant filed its sworn application setting out the facts herein recited with regard to the filing of the suit, and of its cross-action against its warrantors of title, and praying that the cause be continued to enable it to bring them into court by proper citation and service. To this application appellees replied and admitted the facts with regard to appellant's title as stated, but alleged that the suit was not filed sooner at the special request of appellant and upon its agreement by letter of July 1, 1909, that it would appear, waive service and answer at the return term, "and in good faith the defendant has had since said date to bring in any warrantors it desired." From certain correspondence attached to this answer to the application for continuance, it appears that, upon being advised of the intention of appellees to bring the suit, on June 29, 1909, appellant through its attorney requested appellees to wait a short time to enable it to investigate with a view of determining whether the matter could be adjusted without litigation, to which appellees agreed, provided appellant would agree to waive citation and answer to the coming term, which, by letter of July 1st, appellant agreed to do. The application for continuance was refused and appellant compelled to go to trial, to which it took a bill of exceptions, and by its first assignment of error complains of the court's ruling. Article 5252, Rev. Stats. is as follows: "When a party is sued for lands the real owner or warrantor may make himself or may be made a party defendant in the suit, and shall be entitled to make such defense as if he had been the original defendant in the action."

It has been definitely settled in this State that a defendant when sued for land, not only has the absolute right to bring in his warrantor and require him to defend the action, but to recover against him in the same suit on his warranty if the title fail. (Johns v. Hardin, 81 Texas, 40.) It has been held that a plaintiff may also bring his warrantor into the suit and require him to make good the title, or be bound by an adverse judgment. (Norton v. Collins, 1 Texas Civ. App., 272, 20 S. W., 1115; McCreary v. Douglass, 5 Texas Civ. App., 492, 24 S. W., 368.) The purpose of the law is to avoid the necessity of more than one trial of the issue of title, and thus prevent a multiplicity of actions. It was held in Kirby v. Estill (75 Texas, 485) that this right must, under article 1209, Rev. Stats., be exercised with reasonable diligence, and so as not unnecessarily to delay the trial of the case.

If a defendant proceed with reasonable diligence to bring in his warrantor by proper pleading and service of citation, it can not be said that any delay which might be necessary to enable him to do so, would be unreasonable delay. He can not take any steps at all in this direction until the suit is filed to which it is desired that the warrantor be made

a party. In the present case appellant, no matter how diligent he may have been, could have done nothing until the suit was instituted, which was fourteen days before the first day of the term, and it is quite clear that the remaining four days were not reasonably sufficient to allow it to file its cross-bill and get service upon the several defendants residing in as many different counties at some distance from that in which the suit was pending.

Appellees seem to concede this in their brief, but seek to avoid the force of it by the contention that, as the filing of the suit was postponed for nearly two months for appellant's convenience, it is thereby deprived of the benefit of the rule stated, and that, in these circumstances, the delay sought was unreasonable. We do not think this contention can be sustained. It would be unreasonable and unjust to deprive appellant of this right merely because it requested that appellees delay for a short time the filing of the suit in order that it might make investigation and determine whether the matter involved might be adjusted without suit, in consideration of which delay it agreed to, and did, appear and answer without service of citation. There is no suggestion that this delay was not sought in good faith for the purpose indicated.

It is specially important in this case that appellant be allowed to bring all of its warrantors into this suit, so that one trial should settle the issue of title as to all the parties, thus avoiding the necessity of several different suits against the several independent warrantors.

We are inclined to think that a defendant thus sued, if he desires to implead his warrantors, should, as soon as he is served with process, proceed without unreasonable delay to file his cross-action and bring them into court, and that he is not entitled, as a matter of right, to wait until he is required to file his answer to the plaintiff's action before doing so, though there is an intimation to the contrary in the opinion of the court in Land v. Klein (29 S. W., 658). Such a rule would require a continuance in every case for at least one term where the defendant sought to implead his warrantor. The cross-action may very well be set up in an independent pleading, without reference to defendant's answer to the petition, and we can see no reason why it may not be filed at any time after the defendant is properly served with citation in the pending suit. In this case, however, it can hardly be seen how it was reasonably possible for appellant to have had its warrantors brought into court by proper process, after the filing of the suit, in time for trial at that term.

We are of the opinion that the learned trial court erred in refusing the continuance, for which the judgment will have to be reversed and the cause remanded in order that appellant may have reasonable opportunity to bring in its warrantors.

By its second assignment of error appellant presents the contention that as appellees' sole claim of title was as heirs of Nancy Cooper they showed no title in themselves and were not entitled to recover, in that, by the judgment in the case of H. C. Fuller v. the Unknown Heirs of Nancy Cooper, all the title which appellees had was divested out of

them and vested in H. C. Fuller, whose title appellant has, and that said judgment was not subject to the collateral attack made upon it in this case.

The facts with regard to this judgment are as follows: The suit was begun by filing the petition on August 10, 1898. The term of the court to which it was brought began September 26th thereafter. There was found among the papers of the case, and introduced in evidence by appellees, a citation to the Unknown Heirs of Nancy Cooper, dated August 9, 1898, with the sheriff's return endorsed thereon, showing service by publication in the "Newton County Record" four successive weeks prior to the return day, towit, on August 26th and September 2nd, 9th and 16th. Also affidavit of the publisher that it had been published four times in said newspaper, giving the dates as August 19th and 26th and September 2nd and 9th, 1898. At the second term of the court thereafter, towit, on April 5, 1899, the following judgment was rendered:

"No. 548. H. C. Fuller v. Unknown Heirs of Nancy Cooper, 4-5-99. This day this cause came on to be heard, and the plaintiff appeared by his attorney, and the defendant having failed to appear and answer, the court, by orders duly entered on the minutes, appointed Messrs. T. H. Good and J. F. Syler, attorneys in attendance on the court, to represent the unknown heirs of Nancy Cooper. Both parties announced ready for trial, and submitted the matters in controversy, as well of fact as of law, to the court, and the pleadings and evidence and arguments of counsel having been heard and fully understood, being of opinion that the law and facts are for plaintiff, it is considered by the court that the plaintiff, H. C. Fuller, recover of the defendants, the unknown heirs of Nancy Cooper, the title and possession of the premises described and bounded as follows: The Nancy Cooper headright of 640 acres, situated in Newton County, Texas, on Quicksand Creek." (Here follows the field notes, and the formal part of the judgment awarding fee to the attorneys, taxing costs, etc.)

There is in the judgment no recital of due service of process, nor of any other facts which would give the court jurisdiction. None of the recitals in the judgment can be given this effect. So the rules applicable to judgments containing such recitals when it is sought to attack them collaterally, have no application. It belongs to that class of cases where it will be presumed, in support of the jurisdiction, that proper service was had, unless it affirmatively appears from the entire record that there was no legal service. (Hardy v. Beaty, 84 Texas, 562; Treadway v. Eastburn, 57 Texas, 211; Fowler v. Simpson, 79 Texas, 616.)

The statute provides that citation to unknown heirs should be published for eight successive weeks before return day (Rev. Stats., art. 1236), and that the defendant was not required to answer until default day of the next succeeding term. (Rev. Stats., 1264.) The appointment of attorneys to represent the defendants shows that the service was by publication. If we presume that other and proper service by subsequent publication was, had, such could not have been completed after

the filing of the suit except to the April term, 1899, at which the judgment was rendered, and we would have to presume that the court disregarded the positive provisions of the statute which required the case to lie over to the next term after service was complete. Appellants contend that we should rather presume that this publication, shown to have been made for four weeks before the September term, was continued for such time as to be complete to the April term 1899, and that the court rendered judgment prematurely, which judgment would not be void. (Davis v. Robinson, 70 Texas, 394; Tobar v. Losano, 6 Texas Civ. App., 698, 25 S. W., 973.) This we can not do, for it would be in the face of the citation itself which commands the sheriff to cause the citation to be published "for four successive weeks previous to the return day," which was, as stated in the writ, September 26, 1898. It is significant, as showing that the judgment was rendered on this four weeks publication and not any other, the existence of which we are asked to presume, that the affidavit of the publisher referred to was not made until April 1, 1899, and filed April 4, the judgment being rendered April 5, 1899. The record affirmatively shows, with indisputable clearness, that the judgment was rendered upon this service by four weeks publication, which did not give the court jurisdiction of the parties. To presume otherwise would be carrying the doctrine to the verge of absurdity. It was simply mistakenly supposed that the four weeks publication was sufficient. This is so clear from the record as to leave no room for the indulgence of presumptions. It is admitted by appellant that if there was no other service, the judgment is void, and we must so hold.

One other question remains. Appellant, by its fifth assignment of error, presents the contention that under the undisputed evidence appellant established its title under the five and ten years statutes of limitation as to part of the land, and under the five years statute as to the balance.

Actual possession as claimed by appellant for the full period necessary to perfect its title, with payment of taxes, deeds duly registered, etc., seems to be shown by the undisputed evidence set out in appellant's brief, none of which is disputed by appellees in their brief, but it is contended that such possession is shown not to have been adverse. The fact that H. C. Fuller, after getting his tax title, bought out the interest or claims of certain of the Nancy Cooper heirs, would not of itself prevent his possession from being adverse to them. He could "buy his peace" without admitting their title; but the testimony goes farther than this in showing, in the language of the witness, that Fuller "always recognized their claim during the time that he was undertaking to buy them all out." (Warren v. Frederichs, 83 Texas, 384; Texas W. Ry. v. Wilson, 83 Texas, 157.)

We can not say that the evidence on this issue is of that character that would justify this court in holding that the conclusion of the trial court on the facts, which is entitled to the same weight as the verdict of a jury,

is contrary to the undisputed evidence. The assignment of error presenting the point is overruled.

For the error in refusing the application for continuance, the judgment is reversed and the cause remanded.

*Reversed and remanded.*