## PARIS & G. N. RY. CO. v. BECKLEY.

(Court of Civil Appeals of Texas. Texarkana. Dec. 7, 1911.)

JUDGMENT (§ 17*)—PROCESS TO SUSTAIN—REQUISITES—DATES.

A citation which requires defendant to appear at a date already past at the time of the filing of the petition will not support a default judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 25–33; Dec. Dig. § 17.*]

Error from Lamar County Court; Rube S. Wells, Judge.

Action by J. S. Beckley against the Paris

& Great Northern Railway Company. There was a default judgment for plaintiff, and defendant brings error. Reversed and remanded.

Andrews, Ball & Streetman and Wright & Patrick, for plaintiff in error. John S. Stone, for defendant in error.

WILLSON, C. J. The appeal is from a judgment by default in favor of defendant in error, the plaintiff below, against the plaintiff in error, rendered February 21, 1911. The citation (issued December 14, 1910, and served the same day) required the plaintiff in error "to appear at the next regular term of the county court of Lamar county, Texas, to be begun and holden at the courthouse thereof, in the city of Paris, on the 3rd Monday in February, 1910, the same being the 20th day of February, 1910, then and there to answer a petition filed in said court on the 2nd day of December, 1910." It has been held repeatedly that a citation, requiring the defendant to appear at a date past at the time the petition was filed, will not support a judgment by default. Spence v. Morris, 28 S. W. 405; Binyard v. McCombs, 1 White & W. Civ. Cas. Ct. App. § 520; James v. Proper, 1 White & W. Civ. Cas. Ct. App. § 83; Covington v. Burleson, 28 Tex. 368.

The judgment is reversed, and the cause is remanded for a new trial.