ROSS v. SECHRIST et al. (No. 6821.)

(Court of Civil Appeals of Texas. Austin. Dec. 10, 1924.)

1. Appeal and error ⬅➡376—Vendor's appeal bond held not insufficient.

Where one of the defendants, in an action for trespass to try title, brought action against his vendor for damages for breach of warranty, and the actions were consolidated, under Rev. St. arts. 2182, 7735, vendor's appeal bond was not insufficient for failure to include the other defendant in the trespass to try title suit as obligee, in view of article 2088; the consolidation not affecting the relation of the parties in the original suits.

2. Appeal and error ⬅➡376—One of several defendants not adversely affected may appeal without naming codefendant's obligees under the bond.

One of several defendants not adversely interested may appeal without naming his codefendants in judgment obligees under the bond.

3. Process ⬅➡33—Citation expressing impossible dates held void.

In an action for damages for breach of warranty of title, citation requiring defendant to appear thirteenth Monday after the first Monday in September, A. D. 1922, to answer plaintiff's petition filed November 21st, A. D. 1922, held void, under Vernon's Ann. Civ. St. Supp. 1922, art. 1852, as expressing impossible dates; the requirement of the statute in this respect being mandatory.

4. Judgment ⬅➡17(9)—Void, where citation upon which rendered held void.

Judgment against defendant upon a citation subsequently declared void, under Vernon's Ann. Civ. St. Supp. 1922, art. 1852, held void.

Error from District Court, Erath County: J. B. Keith, Judge.

Actions by W. F. Anderson in trespass to try title against J. L. Sechrist and wife, and by J. F. Sechrist for breach of warranty of title against A. R. Ross, consolidated. From that part of the judgment in favor of plaintiff last named, defendant last named brings error. Reversed and remanded for new trial.

Chandler & Pannill, of Stephenville, for plaintiff in error.

R. L. Thompson, of Stephenville, for defendant in error Anderson.

BLAIR, J. On the —— day of November, 1922, W. F. Anderson filed suit against J. L. Sechrist and his wife, Mattie Sechrist, in trespass to try title for about 12½ acres of land out of the J. Tarbox survey in Erath county, Tex. By a second count he sued to set aside a certain deed executed by A. R. Ross to J. L. Sechrist, conveying said 12½ acres of land, alleging that he purchased the land at a sheriff's sale under a foreclosure proceeding of certain vendor's lien notes against the land, and that the purported conveyance from Ross to Sechrist passed no interest in the land, and the deed constituted a cloud upon his (Anderson's) title to the land. Ross was not made a party to this suit by citation.

After the institution of the above suit by Anderson against Sechrist and his wife, Sechrist filed a separate suit in the same court against A. R. Ross, alleging that Ross conveyed him 18½ acres of land out of the J. Tarbox survey, being the same land in controversy in the Anderson suit against him, and for which he paid Ross, in exchange of property, $2,000, Ross warranting the title thereto; that Ross breached his warranty, in that there were outstanding at the time against the land so conveyed certain notes aggregating $1,000, and secured by certain deeds of trust; that the land was sold by a sheriff's deed to W. H. Anderson, in a suit to foreclose the deeds of trust; and that the prayer was for damages in the sum of $2,000.

On February 8, 1923, these two causes were consolidated by order of the court, and on the same day the following judgment was entered in the case as consolidated:

"W. F. Anderson v. J. L. Sechrist. No. 5351. In District Court, Erath County, Tex. December Term, 1922. In re W. F. Anderson v. J. L. Sechrist. J. L. Sechrist v. A. R. Ross. Consolidated Judgment. Be it remembered that on the 8th day of February, 1923, the above entitled and numbered causes of W. F. Anderson v. J. L. Sechrist, No. 5351, and the cause of J. L. Sechrist v. A. R. Ross, No. 5351, on the docket of this court, was on motion of W. F. Anderson, plaintiff in the first cause named, and J. L. Sechrist, plaintiff in the second cause above named, duly consolidated by this court, and it is so ordered.

"Thereafter on the same day the plaintiff W. F. Anderson, and J. L. Sechrist and wife, Mattie Sechrist, came into court and announced ready for trial, and it appearing to the court that the defendant A. R. Ross has been duly and legally cited to appear and answer herein, came not but wholly made default.

"The court after hearing the pleadings read, the evidence and argument of counsel, and said causes being submitted to the court for decision without the aid of a jury, is of the opinion that the following should be, and is here made the judgment of this court.

"(1) It is hereby ordered, adjudged, and decreed that the plaintiff W. F. Anderson do have and recover of and from the defendants J. L. Sechrist and wife, Mattie Sechrist, all right, title, and interest in and to that certain tract and parcel of land described in plaintiff's petition, and which is here designated as follows: 12½ acres of land situated in Erath county, Tex., part of the J. Tarbox survey of 640 acres out of the northeast corner thereof described as beginning at the northeast corner of said Tarbox survey; thence with the north line of said survey to the east side of the Stephenville and Gordon public road; thence in a southeast direction with the east side of said road to the east line of said survey for corner; thence north with said east line to the place of beginning and being the same land and premises and improvements thereon conveyed to J. F. Crawford, by J. A. Conger et ux., in deed recorded in volume 135, page 186, Erath County Deed Records, and being the same premises sold at sheriff's sale by John Wright, sheriff of Erath county, Tex., on the 3d day of October, 1922, and purchased by W. F. Anderson, to each of which instruments reference is hereby made, said tract of land being sometimes described and designated as containing 18½ acres of land. It is adjudged that all the apparent right, claim, and interest owned or claimed in said premises by the defendant J. L. Sechrist, and his wife, Mattie Sechrist, is hereby divested out of them and is hereby vested in this plaintiff without damages as prayed for, except as is specially granted in this judgment. Said plaintiff, W. F. Anderson, is hereby awarded his writ of possession as in such cases is granted by law.

"(2) It is further ordered, adjudged, and decreed that the plaintiff J. L. Sechrist, in his action against the defendant A. R. Ross, recover of and from the said defendant A. R. Ross the sum of $1,250, with interest at 6 per cent. from date of this judgment, as his damages occasioned by the failure of this plaintiff's title in and to the 18½ acres described in his petition, and being the same tract and parcel of land as is described in the first paragraph above in this judgment, and that the said A. R. Ross, because of said failure of title and covenant of warranty, be and he is hereby ordered to respond in damages unto the said J. L. Sechrist for said sum of $1,250, as is adjudged in this paragraph of this judgment, and it is so ordered.

"It is further ordered and decreed that the plaintiff W. F. Anderson recover his costs against the defendants J. L. Sechrist and wife, Mattie Sechrist, and is further ordered and decreed that the said J. L. Sechrist recover his costs in each of said actions against the defendant A. R. Ross, and it is so ordered.".

From the judgment rendered against him for damages, A. R. Ross has applied to this court for a writ of error. Defendants in error Sechrist and Anderson move the court to dismiss the writ of error because plaintiff in error did not, in the petition for writ of error, nor in the writ of error bond filed herein, make Mattie Sechrist a defendant in error, and did not in any way attempt to revise, review, or reverse the judgment rendered in favor of Anderson against J. L. Sechrist and his wife Mattie Sechrist, and in favor of J. L. Sechrist against A. R. Ross, plaintiff in error.

Plaintiff in error's petition for the writ of error set forth, in hæc verba, the judgment rendered by the court. It then alleges:

"(1) That said judgment so rendered against the said A. R. Ross, for the sum of $1,250 and costs of court was rendered by default." "(3) That on account of the many errors herein, as is apparent from the record, your petitioner desires to remove the said judgment to the Court of Civil Appeals for the Second Supreme Judicial District of Texas, at Fort Worth, for revision and correction of the many errors therein."

The prayer is for citation to issue to J. L. Sechrist and W. F. Anderson, but no mention is made of Mattie Sechrist.

[1] The bond for writ of error described the above judgment, and was in due form, and met the requirements of the statutes in every particular. It made defendants in error Anderson and Sechrist obligees. It did not make Mrs. Mattie Sechrist, one of the defendants in Anderson's trespass to try title suit, an obligee. It is in this particular that defendants in error complain in their motion to dismiss the appeal. We do not sustain the motion. The cause of action asserted by Anderson against Sechrist and his wife was in trespass to try title for 12½ acres of land. The cause of action asserted by Sechrist against Ross was for damages for a breach of warranty of title of the same 12½ acres of land sued for by Anderson. Under the statutes and the adjudicated cases, the trial court correctly consolidated these cases.

Article 2182, Revised Statutes, provides:

"Whenever several suits may be pending in the same court, by the same plaintiff, against the same defendant, for causes of action which may be joined, or where several suits are pending in the same court, by the same plaintiff, against several defendants, which may be joined, the court in which the same are pending may, in its discretion, order such suits to be consolidated."

Article 7735, Revised Statutes, reads:

"When a party is sued for lands, the real owner or warrantor may make himself, or may be made, a party defendant in the suit, and shall be entitled to make such defense as if he had been the original defendant in the action."

In this connection the Supreme Court held in the case of Johns v. Hardin, 81 Tex. 40, 16 S. W. 624, that:

"The question raised by the assignment has been decided in this state adversely to appellants in the case of Kirby v. Estill, 75 Tex. 485 [12 S. W. 807], and the doctrine established that the warrantor cannot only be required to defend the title of his warrantee in a suit for the land, but after being so brought in the defendant can plead over against him and recover on the warranty in the same suit if the title fail. The practice seems to have been recognized before. Crain v. Wright, 60 Tex. 515. We can see no good reason why all the issues between the parties cannot be settled in one suit. There is no breach, it is true, by the suit until judgment against the title of defendant, but this is the case in all suits where a third party is liable over on an obligation of indemnity. We think the principle established in Kirby v. Estill, supra, is correct, especially under our system of practice, which discourages a multiplicity of suits."

The same doctrine is also announced in Stark v. Homuth (Tex. Civ. App.) 45 S. W. 761; Sullivan v. Creamer (Tex. Civ. App.) 50 S. W. 431; Johns v. Hardin, 81 Tex. 37, 16 S. W. 623; Kirby v. Estill, 75 Tex. 485, 12 S. W. 807; Crain v. Wright, 60 Tex. 515; H. & T. C. Ry. v. Douglas (Tex. Civ. App.) 120 S. W. 1048; Ry. Co. v. Corr (Tex. Civ. App.) 130 S. W. 185; Oil Co. v. Davis, 62 Tex. Civ. App. 658, 132 S. W. 808.

Article 2088, Revised Statutes, which prescribes the requirements as to proper parties to an appeal, reads:

"The petition shall state the names and residences of the parties adversely interested, shall describe the judgment with sufficient certainty to identify it, and shall state that he desires to remove the same to the Court of Civil Appeals for revision and correction. Where the plaintiff in error desires the issuance of a supersedeas, he shall state the facts which entitle him thereto, and pray for the issuance thereof."

[2] There was no breach of warranty of title by Ross to Sechrist until Anderson obtained his judgment against Sechrist and his wife for title and possession in his trespass to try title suit against them, and to that extent Sechrist's judgment for damages against Ross was dependent upon Anderson's judgment; but Anderson's judgment against Sechrist and wife is in no way dependent upon Sechrist's judgment against Ross. Sechrist and his wife are not complaining of Anderson's judgment against them, and such judgment as to them is final. No judgment was rendered in Anderson's trespass to try title suit against Ross, except the judgment necessarily based thereon to respond in damages to Sechrist because of the failure of title to the land Ross conveyed to Sechrist, being the same land involved in both suits. Mrs. Sechrist was not a party to the judgment ob-

tained by her husband against Ross. If she should have a community interest therein, it is being represented by her husband, who alone brought the suit and undertook to act for the community estate, and, by reason of his being made an obligee to the writ of error bond herein, the entire community interest is thereby represented and protected. Mrs. Sechrist is a necessary and proper defendant in Anderson's trespass to try title suit, but the judgment rendered against her therein cannot affect plaintiff in error, Ross, for she was not awarded any adverse judgment against Ross by reason of this judgment against her. That being true, as between Mrs. Sechrist and Ross, to the extent above indicated, they were codefendants in the trespass to try title suit, with neither having any right of recovery over against the other by reason of said judgment. Article 2088, Revised Statutes, supra, is not violated by an appeal from a judgment by one of several defendants on an appeal bond made payable only to the plaintiff. It is well settled by our Supreme Court that one of several defendants, where such defendants are not adversely interested, may appeal without naming his codefendants in judgment obligees in the bond (Lewellyn v. Ellis, 102 Tex. 299, 116 S. W. 42), and that such defendant may appeal on a bond made payable only to the plaintiff (Slayton v. Horsey, 97 Tex. 341, 78 S. W. 919). Ross made Anderson, who was plaintiff in the trespass to try title suit, and Sechrist who was the only plaintiff in the suit against him for damages for breach of warranty, payees or obligees to his writ of error bond herein. We must conclude, therefore, that he has properly perfected his appeal.

It follows from what has just been said that the judgment rendered in favor of Anderson against Sechrist and his wife in the trespass to try title suit, as between them, is not involved here, and should not be disturbed; but whether that judgment, in so far as it affects the rights of plaintiff in error, Ross, as being the basis for the judgment of damages against him in favor of Sechrist, should be set aside depends upon Ross's establishing his sole claim for a reversal, that he was not served with any legal citation in either of said causes. It is not contended by defendants in error that any citation was asked for or served upon Ross, or that he had any notice of the suit in trespass to try title instituted by Anderson against Sechrist and his wife, but that jurisdiction was obtained over him in such suit by the consolidation of the trespass to try title suit with the suit of Sechrist against him for damages for breach of warranty, in which suit it is claimed that he was duly served with citation. Ross by this appeal attacks the sufficiency of this citation in two particulars: (1) Because it appears therefrom that he was cited to appear and answer on an impossible date;

and (2) that the citation states the plaintiff's petition was filed on an impossible date. The portion of the citation involved reads:

"The State of Texas to the Sheriff or Constable of Erath County, Greeting: You are hereby commanded to summon A. R. Ross to be and appear before the honorable district court of Erath county, Tex., at the next regular term thereof, to be holden at the courthouse in Stephenville, on the thirteenth Monday after the first Monday in September, A. D. 1922, the same being the 4th day of December, A. D. 1922, then and there to answer plaintiff's petition, filed in a suit in said court on the 21st day of November, A. D. 1922, wherein J. L. Sechrist is plaintiff and A. R. Ross is defendant; file number of said suit being No. 5351."

We must sustain this contention. Article 1852, Vernon's Ann. Civ. St. Supp. 1922, reads:

"*Citation Shall Contain What.*—Such citation shall be directed to the sheriff or any constable of the county where the defendant is alleged to reside ' or be, and shall command him to summon the defendant to appear and answer the plaintiff's petition at the next regular term of the court, stating the time and place of holding the same. It shall state the date of the filing of the plaintiff's petition, the file number of the suit, the names of all the parties and the nature of the plaintiff's demand, and shall contain the requisites prescribed in article 2180; provided that where under the law it is necessary to accompany such citation with a certified copy of plaintiff's petition it shall not be necessary for the citation to state the nature of plaintiff's demand."

[3, 4] The requirements of this statute both as to indicating the time and place for the defendant to appear, and as to indicating the date of filing of the petition, are mandatory, and must be substantially complied with, otherwise the defendant is not required to answer. A citation commanding the appearance of the defendant at an impossible date is void. Likewise a citation stating the petition was filed on an impossible date is void. A citation which requires the defendant to appear "on the thirteenth Monday after the first Monday in September, A. D. 1922, the same being the 4th day of December, A. D. 1922," is void because it requires his appearance on an impossible date. Likewise is a citation void which states that the petition was "filed in a suit in said court on the 21st day of November, A. D. 1922," as stating an impossible file date. The courts have universally held citations invalid unless all the provisions of the above statute are complied with. We therefore conclude that the citation is void, and that the judgment for damages against Ross in favor of Sechrist is void, because rendered upon such void citation. James v. Proper, 1 White & W. Civ. Cas. Ct. App. § 83; Scott v. Watts, 1 White & W. Civ. Cas. Ct. App. § 89; Binyard v.

McCombs, 1 White & W. Civ. Cas. Ct. App. § 520; Power, etc., Ry. Co. v. Beckley (Tex. Civ. App.) 142 S. W. 47; Taylor v. Taylor (Tex. Civ. App.) 157 S. W. 1184; Smith v. Buckholts State Bank (Tex. Civ. App.) 193 S. W. 730; Violand v. Saxel, 31 Tex. 283; Covington v. Burleson, 28 Tex. 368; Spence v. Morris (Tex. Civ. App.) 28 S. W. 405; article 1852, Vernon's Sayles' Statutes; Acts 36th Legislature, p. 212; Sypert v. Lumber Co. (Tex. Civ. App.) 201 S. W. 1102; Insurance Co. v. Scott (Tex. Civ. App.) 214 S. W. 604.

We therefore set aside the judgment in favor of Sechrist against Ross for damages for breach of warranty of title, and reverse and remand the cause for a new trial.

Reversed and remanded.