## RUSSELL v. FINANCE CORPORATION OF AMERICA et al.

### No. 12560.

Court of Civil Appeals of Texas. Fort Worth.

Nov. 14, 1931.

Rehearing Denied Jan. 9, 1932.

W. W. Alcorn and M. Kleberg, both of Fort Worth, for appellant.

R. F. Milam and Mack & Mack, all of Fort Worth, for appellees.

DUNKLIN, J.

This appeal has been prosecuted by Leslie Russell, defendant in the court below, from a judgment awarding a recovery against him in favor of plaintiff Finance Corporation of America for $421.47, and a further recovery against him in favor of the Marmon Company, of Fort Worth, intervener, for the sum of $240.79, with interest, and for foreclosure of two liens on a certain Marmon automobile; the first, a superior lien, being in favor of plaintiff, and the second lien, subordinate to the first, being in favor of the intervener. The judgment further decrees a recovery in favor of the plaintiff against C. C. Peters and J. D. Hollingsworth, as sureties on a replevin bond executed by defendant Russell, as principal, to enable him to recover possession of the car after it has been taken into the possession of the officer levying a writ of sequestration sued out by plaintiff; that recovery being in aid of and to insure payment of the judgment in plaintiff's favor on the note, as provided by articles 6852 to 6855, Rev. Civ. Statutes 1925. But those sureties on the replevin bond have not prosecuted any appeal from the judgment rendered against them.

The trial was before the court without a jury, and no statement of facts has been brought to this court.

The citation which was served on defendant, appearing in the transcript, shows that he was cited to appear on the first Monday in September, 1930 (not 19230 as alleged in defendant's motion to quash the citation). And while it did not embody a statement of the nature of plaintiff's demand, it specifically referred defendant for that information to a certified copy of plaintiff's petition, attached to the citation, and made a part thereof. Service of the citation and copy of the petition was made on the defendant August 12, 1930.

The failure of the citation to embody a statement of the nature of plaintiff's demand was made one of the grounds of defendant's motion to quash the citation. That motion was filed September 2, 1930, and on September 3, 1930, defendant filed an answer to plaintiff's petition, consisting of a general demurrer and a general denial, preceded by

the statement that it was filed subject to his motion to quash the citation and his plea in abatement, "and only in the event said motion and said plea in abatement are overruled."

The trial was had on October 10, 1930, at which hearing defendant appeared and announced ready for trial, and after the motion to quash citation was heard and overruled the case was heard and determined on its merits, all parties appearing and participating; no motion being then made by defendant for a continuance until the next term or next appearance day of the court. The defendant was a resident of Tarrant county, where the suit was instituted, and service was made upon him in that county. If the judgment had been one by default, it might be said that the court never acquired jurisdiction of the defendant under such decisions as Ross v. Sechrist (Tex. Civ. App.) 275 S. W. 287. But in this case, the defendant having submitted himself to the jurisdiction of the court, the only question he could then raise would be that he was not required to answer until the next ensuing term of court, which he failed to present. Nor did the answer, in terms, show that it was made to the next ensuing term of court only. Hence, no reversible error is shown in the action of the trial court in overruling appellant's motion to quash citation. Butterworth v. Big Wells Farm Bureau (Tex. Civ. App.) 263 S. W. 632; Griffin v. State (Tex. Civ. App.) 147 S. W. 328.

The judgment rendered contains this recital:

"The Secretary of State of the State of Texas, after August 2, 1930, and before the institution of this suit, had reinstated the right of defendant Marmon Company to do business in Texas and had cancelled the forfeiture theretofore entered on the margin of the ledger account of said corporation, upon the payment by the said Marmon Company of the franchise tax due the State of Texas."

Plaintiff's suit was to collect a promissory note executed by defendant Russell, dated April 1, 1929, and the interveners' suit was upon the obligations of the defendant accruing during the year 1929, one of which was a promissory note payable September 30, 1929, and the other for labor performed upon the automobile covered by plaintiff's mortgage, which accrued May 22, 1929. Accordingly, there was no error in the action of the trial court in overruling defendant's plea in abatement of the intervention, based on the contention that the interveners had no lawful capacity to institute the suit by reason of the forfeiture noted by the secretary of state, which was thereafter cancelled. Federal Crude Oil Co. v. Yount-Lee Oil Co. (Tex. Com. App.) 35 S.W.(2d) 111.

Without undertaking to set out the pleadings in detail, we think it sufficient to say that, as against the general demurrers, the allegations of plaintiff and interveners refute the numerous contentions of appellant that there was an absence of allegation that the claims sued on by plaintiff and interveners were due and unpaid; that demand for payment had been made of defendant and refused by him; that the value of the property covered by the liens was not alleged, and therefore jurisdiction of the trial court was not shown; that the plaintiff and interveners were the holders and owners of the demands for which they sought judgment; that the amounts of those demands were due and unpaid.

The judgment against the sureties on the replevin bond appears to be for the value of the property which had been sequestered, and seems to be in accordance with the statutes; and the sureties on that bond have not complained of the judgment against them. Furthermore, appellant is in no position to challenge that judgment against the sureties, since he owed the debts for which judgment was rendered against him in favor of the plaintiff and interveners, and the foreclosure of the liens asserted was valid.

Accordingly, all assignments of error are overruled, and the judgment of the trial court is affirmed.