ST. LOUIS EXPANDED METAL COMPANY v. W. S. BURGESS.

Decided February 22, 1899.

**1. Contract—Abandonment—Fraud.**

A contractor for the performance of certain work on a building is justified in abandoning the same where the other party induced him to undertake the work for an inadequate price by fraudulently promising to give him, at reasonable figures, other contracts of like character, and afterwards failed to do so.

**2. Same—Recovery After Abandonment.**

A contractor who was justified in abandoning the work may recover from the other party at least the value of the extras which the contract did not provide for, and the value of the material left by him on the premises which the other party used in completing the work.

APPEAL from Galveston. Tried below before Hon. WILLIAM H. STEWART.

*Austin & Rose,* for appellant.

*S. S. Hanscom,* for appellee.

JAMES, CHIEF JUSTICE.—The plaintiff, Burgess, made a contract with appellant to do certain work on the county jail then being constructed in Galveston, for the contract price of $1650.

Appellant's representative, Franklin, induced plaintiff to take the work for said price, which he and plaintiff knew was inadequate, by promising to give him at reasonable figures other contracts of like character in the courthouse and jails at Hallettsville, Gatesville, and Eastland, and the courthouse at Galveston, which said Franklin claimed appellants had contracts for. This promise was fraudulently made to induce plain-

tiff to enter into this particular contract. Appellant had no intention of keeping said promise at the time it was made, and did not keep it, and afterwards gave plaintiff no opportunity to bid on said other work, and the evidence shows he gave some of the other work to other parties. There is evidence to show that this happened before plaintiff abandoned the work in question. We conclude further, as a matter of fact, that there is evidence to support the judgment of the court for the amount rendered in plaintiff's favor.

*Conclusions of Law.*—1. The testimony shows that when plaintiff quit this work it was unfinished, that he had already been paid about $1152 thereon, leaving a balance of about $498 of the contract price. The testimony shows clearly that there was considerable work yet to do, and that when he abandoned the contract, he demanded for work in respect thereto the sum of $403. By the contract appellants were entitled to retain 10 per cent of the estimates for thirty days after completion of the work. It is therefore clear and beyond doubt that plaintiff at the time he demanded this payment had no right to it, and he was not warranted in abandoning his contract for that reason.

2. We think, however, he was warranted in abandoning the contract by reason of appellant's conduct in reference to the promise of other work or opportunities for other contracts promised him. He was not obligated to proceed with this contract after the acts of bad faith on appellant's part in reference to the other works. It appears to us that this was the proper conclusion of law based on what was held in Railway v. Tittering-ton, 84 Texas, 223. There were no conclusions filed, and we do not know upon what reason the judge determined, as he evidently did, that plaintiff rightfully abandoned the work, and we take the view of the facts which is consistent with the judgment.

3. Plaintiff not being at fault in quitting the work, he had a right to recover of defendant at least the value of the extras (which the contract did not provide for) and for the value of the material left by him on the premises, and which it appears defendant used in completing the work. Defendant's witnesses testified that plaintiff had done only 60 or 65 per cent of the entire work, which would, if true, have entitled him to $1072.50, and that he had received $1152.17. Taking this as true, he was paid on the contract work $79.67 more than he was entitled to. There was testimony, however, that he was entitled on account of extras to $334.20, and deducting from this sum the said sum of $79.67, and computing interest on the difference, the judgment of the court is accounted for.

We can not say that the judgment was against the law or the evidence, and it is accordingly affirmed.

*Affirmed.*

Writ of error refused.