## GARVIN et al. v. ARMSTRONG BROS. (No. 7381.)

Court of Civil Appeals of Texas. Austin.
Sept. 25, 1929.

Rehearing Denied Oct. 15, 1929.

J. W. Stovall, Jr., and Upton & Upton, all of San Angelo, for appellant.

C. T. Dalton and O. C. Fisher, both of San Angelo, for appellees.

BLAIR, J. Appellee, Armstrong Brothers, as assignee and owner, sued J. W. Garvin and his wife and Fred J. Rohmer on a $2,500 note and to foreclose a mechanic's lien securing the note on certain lots constituting the homestead of Garvin and wife, and on which Rohmer had constructed a house in consideration for the note; and appellant, Modern Plumbing Company, was made a party defendant upon the allegation that it was asserting some character of lien against the property involved. It answered and sought to establish and foreclose a materialman or laborer's lien against the property for the plumbing furnished Rohmer under his building contract.

Judgment was for appellee as prayed; but appellant Modern Plumbing Company was denied a materialman or laborer's lien against the property; and it alone has appealed, complaining that the court erred in denying its lien in toto, or in the alternative pro rata with appellee's lien and claim.

The case was tried to the court without a jury upon the following agreed facts:

"That the lots described in plaintiff's petition constitute the homestead of J. W. Garvin and wife, and was their homestead at the time of making the contract herein sued upon.

"That on the 16th day of January, 1928, J. W. Garvin and wife entered into a contract with Fred J. Rohmer to erect a frame residence on said lot for a consideration of twenty-five hundred, ten and no/100 Dollars ($2,510.00); Ten Dollars ($10.00) paid in cash and a note for twenty-five hundred dollars ($2,500.00), dated January 16, 1928. * * * That on the same date Fred J. Rohmer transferred and assigned said note and said lien to Armstrong Brothers and the consideration for said transfer was that Armstrong Brothers would furnish material and advance money for payroll to the said contractor to the extent of twenty-five hundred dollars ($2,500.00).

"The contract and the transfer of the contract were filed with the County Clerk on the 20th day of January, 1928, before any labor or material was furnished.

"That the house as contracted for was completed by the contractor; that Armstrong Brothers furnished material from time to time during the erection of said house of the value of $1,255.18. That during said time Armstrong Brothers advanced money to the contractor in the total sum of $1,235.00.

"That the Modern Plumbing Company furnished the plumbing for said house by virtue of a contract with Fred J. Rohmer which specified it was to receive Three Hundred and Two Dollars ($302.00) therefor; that on the 6th day of April, 1928, Modern Plumbing Company gave notice to J. W. Garvin and wife that said contract price had not been paid them or any part thereof, and on the same day filed a statement of its claim with the County Clerk of Tom Green County, Texas; and that said notice and statement were in proper form and within the time to create a lien on said property if under the facts in this case such a lien could be fixed.

"That Armstrong Brothers had paid the amounts set forth in money and material to F. J. Rohmer without any notice of the claim of Modern Plumbing Company, and made all payments either in money or material to said Fred J. Rohmer or to his order.

"That the note signed by J. W. Garvin and wife is now owned by Armstrong Brothers, past due and unpaid."

As concerns Garvin and wife, owners of the property, the assignment by the contractor to Armstrong Brothers of the note and mechanic's lien securing it constituted an assignment of the entire amount due or ever to become due the contractor under the contract, and of this appellant had constructive notice by virtue of the assignment and mechanic's lien being duly recorded when it furnished the plumbing for the house. A building contractor's assignment of the owner's negotiable note and mechanic's lien securing it, given in full payment of the contract price of a building, constitutes payment of the contract price by the owner so as to preclude

360

materialmen with notice of the assignment from thereafter fixing liens against the owner's property. Fullenwider & Co. v. Longmoor, 73 Tex. 480, 11 S. W. 500; Lonergan et al. v. San Antonio Trust Co., 101 Tex. 63, 104 S. W. 1061, 106 S. W. 876, 22 L. R. A. (N. S.) 364, 130 Am. St. Rep. 803; Thelander et ux. v. Becker (Tex. Civ. App.) 199 S. W. 848; Huffman v. McDonald (Tex. Civ. App.) 261 S. W. 146; Cramer v. Dallas Lbr. Co. (Tex. Civ. App.) 283 S. W. 596. And this is true even though the lien does not attach because of the homestead character of the property until the building is completed as per contract. When the building is completed the lien dates back as of date of its inception, and the same is true with reference to the assignment of the lien. To hold, as contended for by appellant, that a mechanic's lien contract and note given in payment of improvements on the homestead could not be assigned before completion of the building contracted for so as to bind all subsequent materialmen or laborers who have notice of the assignment, would deprive owners in many instances of the right to improve or build a home except for a cash consideration. And since the owners owed the contractor nothing when appellant served notice of its claim upon them, appellant acquired no lien on the property by service of such notice and the filing of its account or claim for record as required by articles 5460, 5461, and 5462 (Rev. St. 1925) which are statutes in aid of the enforcement of the lien given by article 16, § 37, of the Constitution. See authorities last above cited, and Nichols v. Dixon, 99 Tex. 263, 89 S. W. 765.

It is true that the Constitution intended that all who furnished labor or material to the contractor or subcontractor should have liens, but as to these indirect lienors the enforcement of their constitutional lien is subject to the statutory notice to the owner or owners before payment of contract price to the contractor, because, in justice to the owner or owners who paid the entire contract price without notice of such claims, equity would not permit the lien to be enforced, thereby increasing the contract price of the building. Strang v. Pray, 89 Tex. 528, 35 S. W. 1054; Berry v. McAdams, 93 Tex. 435, 55 S. W. 1112.

Since appellant acquired no lien on the property in suit all questions raised by it are disposed of, and the judgment of the trial court will be affirmed.

Affirmed.