## MODERN PLUMBING CO. et al. v. ARM-STRONG BROS.

### No. 1239—5622.

Commission of Appeals of Texas, Section B.
April 1, 1931.

**1012**

J. W. Stovall and Upton & Upton, all of San Angelo, for plaintiff in error.

C. T. Dalton, W. A. Anderson, and O. C. Fisher, all of San Angelo, for defendants in error.

J. P. Miller, of Dallas, amicus curiæ.

SHORT, P. J.

The statement of the Court of Civil Appeals, as to the nature of the original suit, and the facts of the case, is as follows:

"Appellee, Armstrong Brothers, as assignee and owner, sued J. W. Garvin and his wife and Fred J. Rohmer on a $2,500 note and to foreclose a mechanic's line securing the note on certain lots constituting the homestead of Garvin and wife, and on which Rohmer had constructed a house in consideration for the note; and appellant, Modern Plumbing Company, was made a party defendant upon the allegation that it was asserting some character of lien against the property involved. It answered and sought to establish and foreclose a materialman or laborer's lien against the property for the plumbing furnished Rohmer under his building contract.

"Judgment was for appellee as prayed; but appellant Modern Plumbing Company was denied a materialman or laborer's lien against the property; and it alone has appealed, complaining that the court erred in denying its lien in toto, or in the alternative prorata with appellee's lien and claim.

"The case was tried to the court without a jury upon the following agreed facts:

" 'That the lots described in plaintiff's petition constitute the homestead of J. W. Garvin and wife, and was their homestead at the time of making the contract herein sued upon.

" 'That on the 16th day of January, 1928, J. W. Garvin and wife entered into a contract with Fred J. Rohmer to erect a frame residence on said lot for a consideration of twenty-five hundred, ten and no/100 Dollars ($2,510.00); Ten Dollars ($10.00) paid in cash and 'a note for twenty-five hundred dollars ($2,500.00), dated January 16, 1928. * * * That on the same date Fred J. Rohmer transferred and assigned said note and said lien to Armstrong Brothers and the consideration for said transfer was that Armstrong Brothers would furnish material and advance money for payroll to the said contractor to the extent of twenty-five hundred dollars ($2,500.00).

" 'The contract and the transfer of the contract were filed with the County Clerk on the 20th day of January, 1928, before any labor or material was furnished.

" 'That the house as contracted for was completed by the contractor; that Armstrong Brothers furnished material from time to time during the erection of said house of the value of $1,255.18. That during said time Armstrong Brothers advanced money to the contractor in the total sum of $1,235.00.

." 'That the Modern Plumbing Company furnished the plumbing for said house by virtue of a contract with Fred J. Rohmer which

specified it was to receive Three Hundred and Two Dollars ($302.00) therefor; that on the 6th day of April, 1928, Modern Plumbing Company gave notice to J. W. Garvin and wife that said contract price had not been paid them or any part thereof, and on the same day filed a statement of its claim with the County Clerk of Tom Green County, Texas; and that said notice and statement were in proper form and within the time to create a lien on said property if under the facts in this case such a lien could be fixed.

"'That Armstrong Brothers had paid the amounts set forth in money and material to F. J. Rohmer without any notice of the claim of Modern Plumbing Company, and made all payments either in money or material to said Fred J. Rohmer or to his order.

"'That the note signed by J. W. Garvin and wife is now owned by Armstrong Brothers, past due and unpaid.'" 20 S.W.(2d) 358, 359.

The Court of Civil Appeals affirmed the judgment of the district court, and the Modern Plumbing Company only has prosecuted a writ of error to the Supreme Court.

Under the agreed facts set out in the opinion of the Court of Civil Appeals, the situation of the parties is substantially the same as that reflected in Gollnick v. Fry, 23 S.W. (2d) 677, wherein this section of the commission, speaking through Judge Leddy, answered certified questions propounded by the Court of Civil Appeals of the Second District, and wherein it was held that an assignment by a contractor to a lumber company of a mechanic's lien, note, and deed of trust given by owners of property, where the assignment provided that the transfer was for the purpose of securing the contract price of improvements to be erected, and that the contractor desired to fulfill the contract, but to assign all his evidences of debt, and where the contractor did in fact construct the building, the lumber company merely furnishing materials and paying orders given by the contractor for labor performed, the same did not, as a matter of law, render the assignee liable to the subcontractor, employed by the contractor to do plumbing work, for the reason that there was no assignment of the entire contract.

■ In this case the agreement shows that the house, as contracted for, was completed by the contractor; that the lumber company, the defendants in error here, furnished material from time to time during the erection of the house, of the value of $1,255.18, and advanced money to the contractor with which labor claims were paid, amounting to $1,235, totaling $2,490.18; that the plaintiff in error furnished the plumbing for the house, by virtue of a contract with the contractor, and that the defendants in error, Armstrong Bros., had paid the amounts set forth in money and material to the contractor, without any notice of the claim of the plaintiff in error, and made all payments either in money or material to the contractor, or to his order. From these agreed facts, it is apparent that the lumber company, the defendant in error here, did not receive from the contractor any assignment of the entire contract, but merely received an assignment of the note and the lien, leaving the performance of the contract, and the obligation to perform it to the contractor.

■ Section 37, art. 16, of the Constitution provides that "mechanics, artisans and materialmen, of every class, shall have a lien upon the buildings and articles made or repaired by them, for the value of their labor done thereon, or material furnished therefor." The Legislature, in chapter 2, title 90 (Rev. St.), has elaborately provided for the speedy and efficient enforcement of liens, as directed by the Constitution. Articles 5460, 5463, and 5468 would be specially pertinent to the law of this case, under the facts, but for the further fact that it appears that the defendants in error had paid the amounts in money and material to the contractor without any notice of the claim of the plaintiff in error, the aggregate sum of said payments amounting to within $19.82 of the amount of the fund provided by the owners of the homestead. The contract made between Garvin and wife, as the owners of the homestead, and Fred J. Rohmer, the contractor, provided that the contractor should furnish all the material and the labor, and build a house according to certain plans and specifications for the sum of $2,510. Since the defendants in error, Armstrong Bros., furnished labor and material to the contractor, amounting to the sum of $2,490.18, without any notice of the claim of the plaintiff in error, and since Armstrong Bros. have an assignment of the fund provided by the owners, to the extent of the aggregate amount of the sums of money paid, by them to the contractor or to his order, and since there is no suggestion of fraud perpetrated by Armstrong Bros. and the contractor, and no suggestion that Armstrong Bros. had any interest in any profits which the contractor might make, or was liable for any loss which he might sustain, under the holding of Gollnick v. Fry, supra, Armstrong Bros. had the legal right to appropriate so much of the fund, provided by the owners, as was necessary to reimburse them for the payment of the labor done, and the materials furnished, irrespective of whatever demands the plaintiff in error might have against the contractor for the full amount of its claim, and irrespective of whatever demand the plaintiff in error might have against the owners for the balance due the contractor, after the claim of the defendants in error, Armstrong Bros., had been satisfied.

■ It is true, as contended by counsel for plaintiff in error, that under the facts in this case the execution and delivery of the note by Garvin and wife to the contractor, and the transfer of the note by the contractor to Armstrong Bros. was not, legally speaking, a payment of the fund which the owners agreed to provide, out of which mechanics, artisans, and materialmen could be paid, and upon which to secure such payment the Constitution gave a lien. The execution and delivery of the note was a mere means of fixing the liability of the owners of the homestead, when the contractor, Rohmer, had performed his part of the contract. Rohmer's assignee could acquire no greater right to this fund than Rohmer himself had, and Rohmer acquired no right thereto until he had performed the contract made with Garvin and wife. While Rohmer was performing the contract, the Constitution secured to every one doing labor upon the building, or furnishing material therefor, a security for the payment of their several claims, and where those claims arose simultaneously, certain conditions of the statute having been complied with, each claimant had an equal right to demand and receive from the fund, either the full amount of his claim, if the fund was sufficient, or, if insufficient, to receive a pro rata share thereof. Had Rohmer paid regularly, at stated times, for the labor done and the material furnished in cash, and the whole $2,510 had been expended, and thereafter other labor had been done, and other material had been furnished, those doing the labor, or furnishing the material, could only look to the contractor for satisfaction. The homesteader could not be compelled to pay more than he had agreed to pay the contractor. This is true whether the agreement was oral, except for the lien provided by statute, or whether, in addition to the lien, the homesteader had executed a note for the amount, and that note had been afterwards, together with the lien, transferred to another party. The homesteader, with notice of the fact that it had been transferred, could not pay the contractor anything, but would have to pay the note to the owners thereof, provided that in the meantime no mechanic, artisan, or materialman had done any labor on the building or furnished any material therefor, under the circumstances and conditions which entitled him, or them, to a lien under section 37 of article 16 of the Constitution.

■ The record in this case shows that there would remain in the hands of Garvin and wife the sum of $19.82, after the claim of Armstrong Bros. had been fully satisfied, and therefore we are of the opinion that the Court of Civil Appeals erred in rendering judgment in favor of Armstrong Bros. against Garvin and wife for an amount including this sum.

We recommend that the judgment of the trial court be so reformed as to reduce the judgment rendered in favor of the defendants in error, Armstrong Bros., against J. W. Garvin and wife, Lydia Garvin, as of date the 22d day of February, 1929, when the judgment was rendered in the trial court, and that a lien be fixed and foreclosed on the property described in the judgment, and an order of sale issue on said property in favor of the plaintiff in error to satisfy said sum of $19.82, with 6 per cent. interest thereon from said date of the judgment, which sum, when collected, shall constitute a credit on the judgment rendered in favor of the plaintiff in error against the defendant in error, Rohmer, and that the defendants in error, Armstrong Bros., be adjudged to pay all costs, and that the judgment of the trial court, as so reformed, be affirmed.

CURETON, C. J.

Judgments of the district court and Court of Civil Appeals are both reformed, and, as reformed, affirmed, as recommended by the Commission of Appeals.