## COTTEN et al. v. HEIMBECHER.
### No. 3730.

Court of Civil Appeals of Texas. Amarillo. Feb. 17, 1932.

Rehearing Denied April 13, 1932.

Frank Deady, of Dallas, and Madden, Adkins, Pipkin & Keffer, of Amarillo, for appellants.

Stone & Guleke, of Amarillo, for appellee.

HALL, C. J.

Appellee Heimbecher, a resident of Denver, Colo., sued T. W. Cotten, the firm of Blackley & Christensen, and the Fidelity & Deposit Company, of Maryland, to recover damages in the sum of $1,878, as the alleged value of certain roofing tile which he claims he furnished the Bowman Construction Company, which company had contracted to construct a residence for Cotten in Amarillo, under a contract for the price of $17,000.

The plaintiff further alleges that, after commencing the construction of the building for Cotten, the Bowman Construction Company purchased certain tile from plaintiff, which plaintiff delivered to the purchaser on the premises where the building was being constructed. That subsequently the Bowman Construction Company abandoned its contract; whereupon Blackley & Christensen contracted with Cotten to complete the building, giving the Fidelity & Deposit Company of Maryland as surety on their contract or bond. That the Bowman Construction Company had not paid for the tile which it purchased from plaintiff, and that after the abandonment of the work by the Bowman Company, the defendant Cotten had used the tile and roofing material then on the ground, furnished by plaintiff, and was therefore guilty of conversion. Plaintiff prayed for judgment against all of the defendants and for foreclosure of his materialman's lien as provided by the Constitution.

Cotten answered by general and special demurrers, general denial, and specially pleaded the statute of frauds. He set up his contract with the Bowman Construction Company, alleging that he had paid said company, on estimates for labor and material at the time it abandoned the contract, an amount exceeding the value of the work done at that time. He further alleged that he did not buy the materials from plaintiff and had no notice of the sale thereof by plaintiff to the Bowman Company, and no notice of plaintiff's claim had ever been given him. That he had paid for all materials used in his building. That plaintiff had never taken any statutory steps to fix a materialman's lien and had sold and delivered the materials to the Bowman Company, permitting them to remain on the ground and be incorporated into the building, without notice to him.

Blackley had not been served with citation. Christensen answered by general demurrer, general denial, and specially denied that he or any member of his firm had ever purchased the material from plaintiff or agreed to pay for it. He alleged that his firm had contracted to complete the building in accordance with the original plans and specifications, with the express understanding that they should take the building and materials then on the ground as the basis for their bid. That they did submit a bid of $10,050, which was accepted by Cotten, and on January 22, 1927, they entered into a written contract with him for completing the building, which expressly provided that they accepted the building in the condition in which it then stood, with the materials on the ground, which materials should be incorporated into the building. That at said time there were some roofing tile on the building and some on the premises. That defendant did not know that plaintiff asserted any claim thereto, and they in good faith accepted the building materials on the ground under their contract, which expressly provided that they would not pay any outstanding bills for material, labor, or subcontractors, and further that they did not assume any liability or agree to pay for any labor or materials incorporated into the building prior to January 22, 1927.

They further alleged that plaintiff Heimbecher had unconditionally sold the tiling to the Bowman Company without any reservation of title, and that, when said company abandoned its contract, title to the materials

vested in him and passed to the Ætna Casualty & Surety Company, being the surety on the Bowman Company's bond, by virtue of the subrogation clause in said bond. They alleged in the alternative that if, at the time the Bowman Company abandoned its contract, Cotten had fully paid said company for all materials then in the building or on the ground, defendants then adopted and urged the defenses set up by Cotten.

The defendant Fidelity & Deposit Company of Maryland adopted the defensive matters set up by Christensen and further alleged that it did not purchase the building materials from the plaintiff Heimbecher or agree to pay therefor; that its obligation was evidenced by the written bond which it executed under the Blackley & Christensen contract, under the terms of which it was not obligated in any manner to the plaintiff.

The case was tried to a jury upon special issues submitted by the court, and resulted in a judgment against Cotten, Christensen, and the Fidelity & Deposit Company of Maryland, in the sum of $751, with interest from the 18th day of November, 1928, at 6 per cent. The court further decreed a foreclosure of the constitutional lien in favor of plaintiff.

It appears from the record that plaintiff Heimbecher, or Heimbecher Bros., of Denver, were also doing business in Amarillo under the name of Amarillo Tile & Stucco Company, and the basis of Heimbecher's action is a letter written by E. A. Baugh, manager of the Amarillo Tile & Stucco Company, to the Bowman Construction Company, on September 9, 1926, which is, in part, as follows: "For the sum of $1700.00, we propose to furnish and lay our green Corona clay type roofing tile and the necessary finishing pieces in accordance with plans submitted to us, on the house and garage for Mr. T. W. Cotten at Lot 11, Block 11, Country Club Terrace, on the following terms and also under conditions as recited on the back hereof. Thirty days net." The written acceptance of the Bowman Construction Company appears on the bottom of said letter.

The first and second propositions advanced by appellants assume that the roofing tile for the value of which appellee obtained a judgment had been sold by appellee to the Bowman Construction Company.

The plaintiff's suit is brought upon the theory that this material belonged to him and had been delivered upon the lot owned by Cotten under a contract in writing by the terms of which plaintiff was to furnish and lay it on the roof for an agreed price of $1,700, and it had been converted.

We are not called upon to decide whether the facts show even a contract of sale. Cotten alleged that the Bowman Construction Company had executed a bond to Cotten with the Ætna Casualty & Surety Company as surety thereon; that the bond expressly provided that the Ætna Company had the right to proceed or procure others to proceed with the performance of the contract in the event the Bowman Company should make default, and that any and all moneys or property of the said E. A. Bowman, as principal in said bond, should be paid to and belong to the surety, the Ætna Company. That upon such abandonment by Bowman, the Ætna Company procured other contractors to proceed with the performance of the contract and notified this defendant (Cotten) not to pay to or for the said Bowman any sum remaining in his hands. That said Ætna Company also claimed its right by subrogation to all materials on said job and not incorporated into said building. That upon such failure and abandonment by the said Bowman, Cotten was directed by the Ætna Company to seek other contractors to bid for the completion of the building, and that the contract was let with the approval of the Ætna Company. Cotten further specifically alleged that the plaintiff sold said material to the Bowman Construction Company and unconditionally delivered it upon defendant's premises as material contracted for and purchased by Bowman to go into said building and without any reservation of title or notice to him (Cotten) at the time of the sale thereof. That, at the time Bowman abandoned the contract and work upon the building, said roofing material was on the ground and was the property of Bowman, and plaintiff had fully and completely parted with title and possession thereof, and the relation between plaintiff and the said Bowman with reference to said contract was, in law, only that of creditor and debtor as to said item. That said building material was the property of Bowman to be incorporated into the building and was on the ground for that purpose.

█ If the allegation with reference to the Ætna Company and its subrogation to the rights of Bowman are true, the Ætna Company is a necessary party to this action, as it was the owner of the material if it had been actually sold to Bowman, and, under the rule announced in Employers' Casualty Co. v. Rockwall County (Tex. Sup.) 38 S.W.(2d) 1098, Bowman was also a necessary party and Heimbecher, having parted with the title, had no right to maintain an action for conversion. This position is not in conflict with the rule announced in Harrison v. Hawley, 7 Tex. Civ. App. 308, 26 S. W. 765, because in that case Bateman Bros., the debtors, had, by assignment, conveyed all of their title to the assignee. In this case, the allegation made by Cotten is, in effect, that the material had been actually sold and delivered to Bowman, and that, upon Bowman's abandonment of the contract, the Ætna Company succeeded to the title and right of possession in virtue of the subrogation agreement in its bond. Al-

though there was testimony raising the issue of whether the property had been sold by Heimbecher to Bowman, the issue of sale or no sale was not submitted to the jury, and, under the rule announced in Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084, it has been abandoned and the first two propositions urged by appellant become immaterial.

In its controlling features this case seems to be on all fours with St. Louis Expanded Metal Co. v. Burgess, 20 Tex. Civ. App. 527, 50 S. W. 486, and the controversy must be determined upon the assumption that the roofing material had not been sold to Bowman, but was still the property of Heimbecher. In the condition in which we find the record, and because of the failure of appellants to have the issue of sale submitted, we must assume that Heimbecher owned the material still on the ground when the second contractors commenced work. The question of whether Blackley & Christensen and Cotten had notice of Heimbecher's claim is immaterial. They could acquire no greater right than Bowman had, and they are certainly not in the attitude of bona fide purchasers.

The witness Baugh, who seems to have been the manager of Heimbecher's business in Amarillo, testified without objection as to the value of the property, and his evidence is sufficient to support the finding of the jury upon the issue of value.

Since, under the record, neither Bowman nor the Ætna Company had acquired any title to the tile, the taking and appropriation thereof by Cotten and his second contractors was wrongful and in such case a demand is not a condition precedent to the right to sue. Davidson v. Atmar (Tex. Civ. App.) 243 S. W. 662; Gaw v. Bingham (Tex. Civ. App.) 107 S. W. 931; 26 R. C. L. 1122, 1123; 28 Cyc. 2032.

The appellee prayed for judgment for the value of the material which had been converted and for interest at the legal rate. The court did not submit the issue of plaintiff's right to recover interest to the jury, but there was no error in entering judgment for plaintiff for interest at the legal rate without a finding. Bridgeport Mach. Co. v. Geers (Tex. Civ. App.) 36 S.W.(2d) 1047. It is our opinion, however, that the interest should have been calculated from the 22d day of January, 1927, instead of from November 18, 1926, because it sufficiently appears that January 22d was the date of the conversion.

The appellants contend that the court should have instructed a verdict in their favor because the plaintiff neither alleged nor proved the time of the conversion.

Plaintiff alleges that, after Cotten and the Bowman Construction Company had canceled and abandoned their contract, Cotten, Blackley & Christensen entered into a contract and thereupon took possession of the building and the tile which plaintiff had on the ground and appropriated it and took charge of and used it in completing the roof on said building. Plaintiff does not allege the date of the contract between Cotten and Blackley & Christensen, but the allegations of the defendants show that this contract was executed January 22, 1927, so it sufficiently appears from all the pleadings that the actual conversion took place on or soon after January 22, 1927.

As said in 26 R. C. L. 1103: "An averment of the precise time of the conversion is not necessary, but it is necessary to state that it was some time prior to the commencement of the suit and within the statutory limitation within which the action can be brought." This rule is quoted in Kent v. National Supply Co. of Texas (Tex. Civ. App.) 36 S.W.(2d) 811, 815, and in that opinion we find this quotation from the Supreme Court in G., C. & S. F. Ry. Co. v. Witte, 68 Tex. 295, 296, 4 S. W. 490: "It is an elementary rule that, in proving the time at which a cause of action arose, the plaintiff is never confined to that laid in his declaration or petition. * * * At common law time was usually stated under a videlicet. This, by some authorities was decided necessary in order to relieve the pleader from the necessity of proving the exact date as alleged. But a requisite so purely formal as this has no place under our system of pleading and practice."

It is further the general rule that only the substance of an issue need be proved, and we think this rule has been complied with.

However, we are of the opinion that the court erred in foreclosing the materialman's lien in favor of plaintiff. The material was furnished to the Bowman Construction Company under a contract with said company. No contract, notice, or verified claim was ever filed with the county clerk of Potter county. No demand was made upon Cotten, and for the reasons stated plaintiff had no lien to be foreclosed. First National Bank v. Lyon-Gray Lbr. Co., 110 Tex. 162, 217 S. W. 133; Lonergan et al. v. San Antonio Loan & Trust Co., 101 Tex. 63, 104 S. W. 1061, 106 S. W. 876, 22 L. R. A. (N. S.) 364, 130 Am. St. Rep. 803; Hess v. Denman Lbr. Co. (Tex. Civ. App.) 218 S. W. 162; Garvin et al. v. Armstrong Bros. (Tex. Civ. App.) 20 S.W.(2d) 358.

For the reasons stated the judgment of the trial court is reformed, denying the appellee a foreclosure of any lien and allowing him interest at the legal rate from January 22, 1927, instead of November 18, 1926, and, as so reformed, the judgment is affirmed.