## COMPTON v. RAHL.

### No. 8258.

Court of Civil Appeals of Texas. Austin.

April 15, 1936.

Rehearing Denied May 6, 1936.

E. C. Street, of Waco, for appellant.

J. D. Burns, of San Angelo, for appellee.

BAUGH, Justice.

Appeal is from order of the district court of Mills county overruling appellant's plea of privilege, duly controverted, to be sued in the district court of McLennan county, the county of his residence.

The pleadings and the agreed statement of facts show the following: Some time in 1930 F. M. Compton conveyed to W. W. Rahl by warranty deed a tract of land in Mills county, described by metes and bounds, and warranted to contain 150 acres. In 1934 Rahl had the land surveyed and discovered a shortage in acreage; that 16.2 acres of said described lands were under fence of and in possession of A. F. Herrington, who resided in Mills county; that title to an additional 14.74 acres of said land was claimed by Herrington; and that title to one-fifth of an acre so conveyed by Compton to Rahl was claimed by P. M. Morris, also a resident of Mills county. This suit was thereupon filed by Rahl against Compton, alleging fraud, and for damages for a breach of covenant of warranty, and against Herrington and Morris in trespass to try title to the respective portions of said lands claimed by them. Herrington and Morris answered by pleas of not guilty and by cross-actions to recover and establish title in themselves to the lands claimed by them. The facts above stated were set out in Rahl's controversion of appellant's plea of privilege, and said plea overruled upon hearing by the trial court.

Appellant here contends that since Rahl's suit against him was in damages for breach of covenant of warranty, and that against Herrington and Morris in trespass to try title, and there being no privity between him and the other two named defendants, he was neither a necessary nor a proper party to the suit of Rahl against the two resident defendants under the provisions of Rev.St.1925, art. 1995, subd. 4, or subdivision 29a (added by. Acts 1927, 1st Called Sess., c. 72; § 2 [Vernon's Ann.Civ.St. art. 1995, subd. 29a]); and that therefore as to him the cause of action asserted by Rahl should have been transferred to McLennan county.

The cases are legion on the issue of venue raised by pleas of privilege, and the general rules with reference to the right of a citizen to be sued in the county of his residence unless brought clearly under one of the exceptions to the venue statute are long since well settled. It is needless to review them here. A strict application of such holdings would in some instances give rise to, rather than avoid, a multiplicity of

suits. The spirit and purpose of the law should not be lost sight of, and the issue of venue so construed as to necessitate two trials in different courts upon the same ultimate issues of fact where the whole controversy could as effectually be settled in one trial. Controversies involving the same issues should not be tried piecemeal, but in the interests of economy and an orderly administration of justice should, wherever possible, be adjudicated in a single suit.

In the instant case, had Rahl sued Compton alone for damages resulting from a shortage of the lands conveyed, the venue would properly lie in McLennan county. Subdivision 15, art. 1995, R.S. It is true that he could have sued Herrington and Morris only and had in that suit the issue of title to the respective tracts claimed by them first determined. Inasmuch as Compton would have been liable under his warranty if his title to such lands failed, he could have defended his grantee's title therein or have voluntarily made himself a party thereto to protect his own warranty. And it has been held that where a suit is brought by a third party in trespass to try title against a warrantee, and his warrantor given notice thereof and opportunity to defend the title, a judgment rendered against the warrantee for the land constitutes conclusive evidence of a breach of warranty. Brown v. Hearon, 66 Tex. 63, 17 S.W. 395; Garrett v. Butler (Tex.Civ.App.) 260 S.W. 1069 (writ ref.). The language of article 7368, R.S., not only provides that a warrantor may make himself a party to such suit as involves the title to lands he has warranted, but clearly implies that, in case he does not, his warrantee may implead him and have determined in the same suit not only the question of title, but the liability of his warrantor for breach of his covenant of warranty. After all, the latter question is dependent upon the determination of the former, and to avoid a multiplicity of suits both should, where the parties are before the court, be determined in the same suit. Kirby v. Estill, 75 Tex. 484, 485, 12 S.W. 807; Johns v. Hardin, 81 Tex. 37, 40, 16 S.W. 623; Cobb v. Robertson, 99 Tex. 138, 147, 86 S.W. 746, 87 S.W. 1148, 122 Am.St.Rep. 609. In the last-cited case wherein the defendant in a trespass to try title suit had impleaded his warrantor, who had been granted a severance, the Supreme Court held that the severance was improperly granted and set it aside. See, also, 12 Tex.Jur., § 60, p. 90, and cases cited.

Under these cases had Herrington and Morris as plaintiffs sued Rahl in trespass to try title to the lands involved, which were included within the field notes of those conveyed by Compton's deed to Rahl, and title to which he had warranted, undoubtedly Rahl could have impleaded Compton, retained venue as to him in Mills county, and had determined in one suit both the issue of title and that of damages for breach of his covenant of warranty. It is true that Rahl himself brought the suit against Herrington and Morris, placing in issue the question of failure of title warranted by Compton. But the record discloses that these two defendants not only pleaded not guilty to his suit against them, but each of them filed cross-actions affirmatively setting up title in themselves to said tracts, and sued in trespass to try title against Rahl. If, therefore, Rahl had dismissed his suit as to Herrington and Morris, there would still remain their cross-actions against him requiring an adjudication of the title to these tracts of land. To this Rahl could have properly impleaded Compton on his warranty and had the amount of his damages for breach of such warranty, if such breach were found, determined in the same suit. These pleadings were before the court when the plea of privilege was overruled. The issue of title to the portions of land referred to, which of necessity determined Compton's liability to that extent on his warranty, was before the court by both plaintiff's and defendant's pleadings. Venue was properly laid as to that. Judgment on that issue, under the circumstances shown by the record, would have been conclusive to that extent in a subsequent suit by Rahl against Compton for breach of warranty. Both issues could as well be settled and all the rights of the parties determined in a single suit, and a multiplicity of suits avoided. Under these facts and circumstances, the rules announced in the cases cited and in view of the express provisions of article 7368, R.S.1925, we think the trial court properly overruled appellant's plea of privilege. Such order will therefore be affirmed.

Affirmed.