**TEXAS STATE BANK OF ALICE,**
Appellant,

v.

**J. B. BAKER et al., Appellees.**

No. 12767.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 29, 1954.

Rehearing Denied Jan. 26, 1955.

Lloyd & Lloyd, Alice, for appellant.

Perkins, Floyd & Davis and Kenneth Oden, Alice, for appellees.

NORVELL, Justice.

This is an Exception 4 venue case. Article 1995, subd. 4, Vernon's Ann.Tex. Stats. In the trial court, J. B. Baker was plaintiff; J. W. McGee, the resident defendant and Texas State Bank of Alice, the nonresident defendant. The trial court designations will be followed in this opinion. The nonresident defendant appealed from an order of the trial court overruling its plea of privilege. The venue facts incumbent upon plaintiff to establish were: (1) that the resident defendant actually resides in the county where the suit is filed; (2) that the plaintiff has a cause of action against the resident defendant, and (3) that the cause of action pleaded is either a joint cause of action as to both defendants or that the cause of action pleaded against the nonresident defendant is one which may be properly joined with the action against the resident defendant under the rule intended to avoid a multiplicity of suits. Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300. The controlling question presented upon this appeal relates to the third venue fact above set out, and in order to make the contentions of the parties clear it is necessary to discuss briefly the pleadings in the case.

This suit was originally instituted by J. B. Baker against R. B. Smith, a nonresident of the State of Texas, and J. W. McGee, a resident of San Patricio County, Texas. Baker alleged that Smith was constructing a building upon certain premises owned by McGee, and that he had furnished certain labor and materials for such building and had not been paid therefor. He further alleged that he had given the re-

quired notice and filed his claim so as to perfect a mechanic's and materialman's lien against the property. Article 5453, Vernon's Ann.Tex.Stats. Baker sought a recovery for his debt in the sum of $1,450, together with a foreclosure of the asserted lien upon the property owned by McGee. McGee answered, and by way of cross-action impleaded the Texas State Bank of Alice as cross-defendant. He alleged that Smith, the general contractor on the building, had been adjudged a bankrupt, but that the Texas State Bank of Alice, "in accordance with a prior agreement and contract, had agreed to disburse the funds incident to the construction of such improvements, to the various contractors and sub-contractors involved in such construction job." McGee alleged that the bank had wrongfully refused to pay the Baker claim and should be required to do so. Thereafter the plaintiff filed an amended petition in which he named Smith, McGee and Texas State Bank of Alice as defendants. In this amended petition, Baker took notice of the cross-demand filed by McGee against the bank and pleaded, "That Defendant J. W. McGee has filed an answer and cross action in this cause alleging that said Defendant J. W. McGee has paid the account on which Plaintiff is suing in this cause to Texas State Bank of Alice, with instructions to pay said sum of money to Plaintiff herein as a sub-contractor, and that said Defendant J. W. McGee has fully complied with the terms of his contract with R. B. Smith, the general contractor employed by said Defendant J. W. McGee in the construction of the improvements hereinabove referred to. That the said Texas State Bank of Alice has not paid said account to Plaintiff herein and the said Texas State Bank of Alice has refused and still refuses to pay said account, or any part thereof, to said Plaintiff. That Plaintiff does not know whether the facts alleged by said Defendant J. W. McGee in his answer and cross action filed herein are true or not and therefore makes the said Texas State Bank of Alice a co-defendant herein, impleading him in this cause for the purpose of avoiding a multiplicity of suits." This pleading was sufficient to place in issue the various matters in controversy among the parties.

Upon the trial sufficient evidence was introduced to support the trial judge's conclusions that J. W. McGee was a resident of San Patricio County, where the suit was filed, and that the plaintiff, Baker, had filed a mechanic's lien and given notice thereof, in accordance with Article 5453 et seq., Vernon's Ann.Tex.Stats., and thus established a cause of action against McGee.

The claim against McGee was one for the foreclosure of a mechanic's and materialman's lien. The cause of action against Texas State Bank of Alice, insofar as Baker was concerned, was one based upon a contract made by McGee and the Bank of which he was the third party beneficiary. However, both causes of action arise out of the same transaction, i. e., the construction of a building upon property belonging to J. W. McGee, and, in our opinion, a cause of action to foreclose a lien because of unpaid bills for labor and material may be properly joined with an action brought against a party alleged to be holding money under an agreement which obligates it to pay such money over to those who have furnished labor and materials for the building. If the bank actually holds money, as alleged by McGee, which could and should be applied to the discharge of the debt, there would be no necessity for foreclosing the lien upon the land owned by McGee. The entire controversy could consequently be disposed of in one suit and thus prevent a multiplicity of actions. Compton v. Rahl, Tex.Civ.App., 94 S.W.2d 194; Taylor v. Jones, Tex.Civ.App., 244 S.W.2d 371.

■ This case was rather fully developed upon the hearing and the bank contends that such evidence affirmatively shows that neither Baker nor McGee can recover against it. It is urged, among other things, that the statute of frauds, Article 3995, Vernon's Ann.Tex.Stats., would prevent such a recovery. In determining whether or not the cause of action against the nonresident defendant is one which may be properly joined with that asserted against

the resident defendant, the controlling inquiry is resolved by the allegations of the pleadings involved. Testimony tending to establish that a plaintiff has no cause of action against the nonresident defendant as a matter of fact, or that the nonresident defendant has a complete legal defense to the cause of action asserted against him, is not pertinent to the material issue in a venue hearing. Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300; Benson v. Greenville Nat. Exchange Bank, Tex.Civ.App., 228 S.W.2d 272.

■ The trial court did not err in overruling the plea of privilege filed by Texas State Bank of Alice in the suit filed against it by the plaintiff, Baker. It follows that there was no error in also overruling the plea of privilege filed in the cross-action asserted by McGee against the bank. The venue of the entire controversy was properly laid in San Patricio County.

The order of the trial court is affirmed.

### On Motion for Rehearing

■ Texas State Bank of Alice contends that Baker, by filing a mechanic's lien and giving notice thereof, in accordance with Article 5453 et seq., Vernon's Ann.Civ. Stats., did not establish a cause of action against the resident defendant, McGee. We are not unmindful of Article 5463, which provides that "the owner shall in no case be required to pay, nor his property be liable for, any money that he may have paid to the contractor before the fixing of the lien or before he has received written notice of the existence of the debt." An owner may show that he has paid out the money due upon a contract prior to receipt of notice of the filing of a lien, Garvin v. Armstrong, Tex.Civ.App., 20 S.W.2d 358, modified, Modern Plumbing Co. v. Armstrong, Tex. Com.App., 36 S.W.2d 1011, but this does not reach the issue here raised. McGee pleaded that although he had paid the contract price to the Texas State Bank of Alice, said bank has not paid said amount to plaintiff herein, but has refused and still refuses to pay

same to plaintiff. We have here a three-way controversy which should be disposed of in one suit in order to prevent a multiplicity of suits, under the provisions of Article 1995, § 4.

Appellant's motion for rehearing is overruled.